## AMERICAN INVESTMENT CO. v. GOODSON.

No. 19970.    Opinion Filed Oct. 27, 1931.

Ames, Cochran, Ames & Monnet, for plaintiff in error.

E. E. Glasco, for defendant in error.

KORNEGAY, J.  This is a proceeding in error from the district court of Garvin county, to review the action of the court in rendering a judgment in favor of the plaintiff below, John J. Goodson, Jr., and against the American Investment Company, for the sum of $750, attorney fees.

The entire record has been examined, and it appears therefrom that this action started in the year 1917.  It was brought by the plaintiff, Goodson, to set aside a probate sale, had of his allotment, on the 25th of June, 1912.  His mother, Nettie Leach, was his guardian, and she, through the medium of her attorney, put through the county court of Garvin county a proceeding to sell his allotted lands.  A stipulation was entered on the record, and in it there is the following:

"* * * And that thereafter in said court a guardian's sale of said land was conducted and completed in compliance with the statute covering guardian's sales, so far as the face of the records shows; that the said sale was reported to and confirmed by the court and all the necessary legal steps, so far as the face of the records discloses, were legally and duly taken and that the guardian conformed to the decree of the court on the 25th day of June, 1912, executed a deed to J. M. Yoder, the purchaser, and the said deed now appears of record in volume 42 of the miscellaneous records at page 433, in the office of the county clerk of Garvin county, Okla.; that the said guardian's deed recited the receipt by her of the purchaser, J. M. Yoder, of the entire purchase price bid by the said J. M. Yoder for the said lands; that on the 11th day of July, 1912, J. M. Yoder and wife executed and delivered to the American Investment Company, a mortgage to secure the payment of the sum of $3,500, with interest at the rate of six per cent. per annum until paid, according to the terms of certain notes of even date therewith, which mortgage appears of record in the office of the county clerk of Garvin county, Okla., at page 538, volume 48, of miscellaneous records; and that on the same date the said J. M. Yoder and wife executed and delivered to the defendant R. L. Duke a mortgage on the said land for the sum of $700, with interest thereon at the rate of ten per cent. per annum after maturity, according to the terms of three promissory notes of even date therewith, one for the sum of $234 due January 1, 1913, one for $233 due January 1, 1914, and one for the sum of $233 due January 1, 1915; and that said mortgage appears of record in the office of the county clerk of Garvin county, Okla., in book 32 of miscellaneous records at page 380; that the only consideration for the execution and delivery of the last-mentioned notice and mortgage was the services rendered by defendant American Investment Company in negotiating for the said J. M. Yoder and wife the loan on said lands in the sum of $3,500.

"That the defendant, the American Investment Company, is now the owner and holder of each of the above-described mortgages, the first of said mortgages having been reassigned to the American Investment Company, and the latter having also been assigned by R. L. Duke to the American Investment Company."

In defense of the action to set aside the mortgage referred to in the petition, the American Investment Company, by its pleading, admitted the truth of the allegations of the petition down to and including the sixth paragraph thereof, but took issue upon the seventh paragraph, which alleged a conspiracy between Nettie Leach and her brother, J. M. Yoder, the uncle of the plaintiff, and averred that it had accepted the mort-

gage in good faith that had been executed by J. M. Yoder and his wife, J. M. Yoder being the purchaser at the sale, and in a second paragraph of the answer default in the payment of the mortgage was set out, and foreclosure was asked for according to its terms, and that a stipulated attorney fee of $350 be paid.

In the trial, the mortgage was "canceled, set aside, and held for naught, upon the condition" that the plaintiff, Goodson, pay to the defendant, American Investment Company, $1,486. The question of its right to foreclose the mortgage for $1,486 was reserved, with the right in the American Investment Company to institute an action and foreclose and enforce its lien, the language of the judgment being (C.-M. 206):

"It is further ordered, adjudged, and decreed by the court that the right of the defendant, the American Investment Company, to foreclose its mortgage for the said sum of $1,486 and interest is reserved from the decision in this cause and upon failure of the said plaintiff to pay said sum to the said defendant, the American Investment Company, within the designated time, the said American Investment Company may institute its action and foreclose and enforce its lien for said sum, interest, and costs against the plaintiff on the lands herein described."

Both sides appealed. According to the record, the appellate court held that the plaintiff was entitled to the land free from any claims of the mortgagee. (American Investment Co. v. Goodson, 105 Okla. 298, 221 Pac. 452.) Its opinion and its mandate to the lower court are found in the casemade. The language of the mandate to the lower court is as follows:

"Whereas, the Supreme Court of the state of Oklahoma did, on the 23rd day of October, 1923, render an opinion in the above-entitled cause appealed from the district court of Garvin county, in part reversing and remanding with instructions:

"Now, therefore, you are hereby commanded to cause such judgment to show of record in your court and to issue such process and to take such other and further action as may be in accord with right and justice and said opinion."

The syllabus is a recital of the findings and bears upon the proposition largely of the attorney, who put the sale through, being the agent of the loan company, while acting in his capacity as attorney for the guardian, in bringing proceedings to sell the land, and holding that the knowledge of the agent as to the fraudulent purposes of the guardian and her brother, which the attor-

ney was cognizant of and aiding, would be imputed to the company. The opinion covers a great many citations on the subject, some being for and some against its conclusions, and the directing part of it is as follows (C.-M. 262):

"* * * and for the reasons herein stated, the judgment of the court below should be reversed, in so far as it imposes upon the plaintiff, as a condition precedent to the cancellation of the mortgages, that he repay the defendant the sum of $1,486 with interest at the rate of 6 per cent. per annum from the 11th day of July, 1912, and the cause should be remanded to the district court of Garvin county, with instructions to enter judgment for the plaintiff, John J. Goodson, Jr., canceling the notes and mortgages executed by Yoder on the lands of the plaintiff in favor of the American Investment Company and the mortgage executed by Yoder on plaintiff's lands in favor of R. L. Duke, and quieting title to the said lands in the plaintiff as against the defendant."

Nowhere in the original pleadings, or in the Supreme Court, was there any mention made of attorney fees for the one who succeeded in canceling the mortgage. The permission given in the court below to the American Investment Company to institute its action to enforce its mortgage for the amount found by the court to have been expended for the benefit of the plaintiff, $1,486, became impossible of performance, and the action was never instituted. However, the plaintiff below had been successful in getting rid of a claim against the land arising out of the mortgage, and after doing so, apparently for the first time, it occurred to plaintiff and his attorneys that they could recover attorney fees. Accordingly, they asked for a judgment, after the remand, allowing attorney fees in the sum of $2,250, and took evidence on the subject over the objection of the American Investment Company, and the court allowed $750, and this appeal is from the judgment.

Several reasons are assigned in the brief of the plaintiff in error as to why this judgment is erroneous. It claims that the court below was without jurisdiction to render the judgment under the mandate of this court. A great many courts are committed to the doctrine that an agreement to pay attorney fees is against public policy, and therefore they do not enforce a contract to that effect. However, we have statutory provisions on the subject, permitting agreements to pay attorney fees, and also allowing attorney fees in certain cases, to be fixed by the court.

The point is made that the judgment for

attorney fees in this case was not embraced within the direction from the higher court, and it appears to be well taken. The judgment reviewed by the higher court gave to the persons who had parted with their money by reason of the mortgage that was declared to be void a right to bring an action to subject the land for a portion of the money. This right was destroyed by the judgment of the higher court, and it did not see fit to give any directions on the subject of attorney fees. The natural presumption, under those conditions, would be that this court, if it was of opinion that the American Investment Company should be penalized by an attorney fee, would have so declared.

It further appears from the record that the county judge, when the guardian's report was made as to getting the $3,500, charged the mother with the full amount of it by falsifying her account to the amount of $2,000, and by allowing her in her guardian account $1,486, spent for the benefit of the minor, who was past 18 years of age and was apparently doing business for himself in large measure.

Under these conditions, natural justice would seem to require that he do not get attorney fees. We do not think that, under the mandate, the lower court should have rendered judgment for attorney fees. The cause is therefore reversed, with directions to dismiss at the cost of the defendant in error.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., absent.