**CITY OF ST. CHARLES, Plaintiff-Respondent,**

v.

**Robert SCHROEDER et al., Defendants,**

**Harold Berger et al., Intervenors, Appellants.**

No. 35270.

Missouri Court of Appeals, St. Louis District, Division One.

May 21, 1974.

Carter & Newmark, Donald S. Singer, Clayton, for appellants.

Ervin D. Davis, St. Charles, for plaintiff-respondent.

WEIER, Judge.

This is the second appeal in this case. It originated as an action brought under the Sawyer Act by the City of St. Charles for a declaratory judgment authorizing it to proceed with the annexation of land ad-

jacent to the city limits. After the original evidentiary hearing, the circuit court sustained the City's petition and entered judgment authorizing the annexation. The defendants appealed. By our opinion dated November 23, 1971, and reported in 474 S. W.2d 55, we determined that the proposed annexation was neither reasonable nor necessary to the proper development of the City, and the judgment was reversed. Thereafter our mandate, dated December 13, 1971, was issued directing that the trial court's judgment be reversed, annulled and for naught held, and that certain costs of the appeal, namely the docket fee and the cost of preparing the transcript, be recovered of the City. It was further ordered that the costs in the circuit court also be taxed against the City.

On December 28, 1971, after the issuance of our mandate, certain intervening defendants in the annexation proceeding filed a motion wherein they requested that the circuit court assess as costs fees for the reasonable service of intervenors' attorneys in the circuit court proceeding and on appeal. After an evidentiary hearing, the court denied the motion giving as one of its reasons its lack of jurisdiction in the case because the motion was filed in the trial court after outright reversal by this court. We need go no further on this appeal because the law clearly sustains the circuit court in this determination.

There was no attempt made in the original trial to obtain an allowance for attorneys' fees either for the work done in the trial of the case or in anticipation of the work to be done on appeal. The mandate of this court contained no direction to determine and tax as costs attorneys' fees for any party. A trial court has no power to enter any other judgment, or to consider or determine other matters not included in the duty of entering the judgment directed by the mandate of an appellate court. Scheufler v. Lamb, 169 S.W.2d 913, 914[3] (Mo.1943); State ex rel. Sturm v. Allison, 384 S.W.2d 544, 548[8] (Mo. banc 1964). A trial court's duty is to render judgment

in accordance with the mandate. It is without power to modify, alter, amend or in any manner depart from the judgment of an appellate court. Proceedings contrary to the mandate are null and void. Morrison v. Caspersen, 339 S.W.2d 790, 792[2] (Mo.1960). Any orders or adjudication in a cause subsequent to the mandate must be confined to those necessary to execute the judgment. An award of attorneys' fees after the issuance of the mandate which makes no reference thereto would violate its terms. Papin v. Papin, 475 S.W.2d 73, 75–76[2–4] (Mo.1972).

The denial of the motion by the court below because it had no jurisdiction is affirmed.

SIMEONE, Acting C. J., and KELLY, J., concur.