669 P.2d 980

**ALLEN R. KRAUSS COMPANY, an Arizona corporation, Plaintiff/Appellant,**

v.

**Lillian Love FOX, Defendant/Appellee.**

No. 2 CA–CIV 4614.

Court of Appeals of Arizona,
Division 2.

April 7, 1983.

J. Emery Barker, Tucson, for plaintiff/appellant.

Thomas P. Sylvester, Tucson, for defendant/appellee.

OPINION

BIRDSALL, Judge.

This case is before us for the second time. In *Allen R. Krauss Co. v. Fox*, 132 Ariz. 125, 126, 644 P.2d 279, 280 (App.1982), we "reversed and remanded with directions that judgment be entered on Fox's motion for summary judgment". After the filing of our mandate in the trial court, that court awarded attorney fees and costs to Fox for the prior trial court proceedings. The original summary judgment in favor of Krauss, which was reversed, included attorney fees and costs for Krauss.

This appeal by Krauss is from the award of attorney fees and costs to Fox. Krauss contends that such an award cannot be made following our mandate. We disagree and affirm. We hold that upon the reversal of a judgment when a mandate issues directing the entry of judgment in favor of the other party, attorney fees, if otherwise allowable by contract or statute, and costs, may be awarded in addition to or as part of the new judgment.

The appellee argues that we recently decided this question in *Lang-Lechner Construction, Inc. v. Marshall Foundation*, 133 Ariz. 587, 653 P.2d 44 (App.1982). Although we find the reasoning in that opinion controlling, there is a factual difference. The legal services for which those fees were awarded were for post-judgment proceedings prior to the filing of the notice of appeal. A motion for the allowance of those fees was filed, prior to the appeal notice, but since, as it correctly concluded, the trial court had no jurisdiction at that time, it declined to rule on the matter until

after our mandate issued which then revested its jurisdiction. The fees which became the subject of the appeal were then ordered.

In the instant case the services performed for which fees were eventually awarded were performed prior to the original judgment. Fox, the trial court defendant, prayed for the fees in her answer, pursuant to A.R.S. § 12–341.01, this being a case arising out of contract. She did not specifically ask for fees (or costs, for that matter) in her cross-motion for summary judgment which the trial court denied. Nevertheless, the trial court could have allowed the fees if it had granted her cross-motion. The only question presented here is whether this award can be made following the mandate.

■ We perceive no reason why the trial court would have jurisdiction in *Lang-Lechner* and not have jurisdiction here. Ordinarily, after remand, the trial court has the power to determine attorney fee questions. *Acmer Corporation v. State Transport Company,* 275 Or. 51, 549 P.2d 1114 (1976); *Monroe v. Winn,* 19 Wash.2d 462, 142 P.2d 1022 (1943).

We have examined the authorities cited by the appellant and find none of them exactly in point. *See American Inv. Co. v. Goodson,* 152 Okl. 1267, 4 P.2d 692 (1931) which seems to turn on the question of whether the trial court could award attorney fees as a penalty where not so determined by the appellate court. As the appellee argues, if Oklahoma was a jurisdiction which supports the appellant by virtue of that decision, this is no longer true. *See Federal Nat. Bank & Trust Co. of Shawnee v. Ryan,* 588 P.2d 592 (Okl.App.1978). Another of the appellant's authorities, *Papin v. Papin,* 475 S.W.2d 73 (Mo.1972) presented a much different posture—the original judgment was affirmed on appeal. It provided for distribution of trust properties. After the mandate issued the trial court ordered that attorney fees be paid out of that trust corpus, an order clearly in violation of the mandate.

Closest in point is *City of St. Charles v. Schroeder,* 510 S.W.2d 202 (Mo.App.1974) where intervenors in the trial court proceedings who were successful on appeal in

obtaining a reversal of the trial court judgment, moved, after the mandate, for attorney fees for services in the trial court and on appeal. The opinion affirms the trial court's denial of fees for lack of jurisdiction "because the motion was filed in the trial court after outright reversal by this court." The opinion seems to require an express direction in the mandate before the trial court on reversal can tax costs or attorney fees. As authority the opinion cites only *Papin, supra,* and other Missouri decisions. We do not agree that awards of attorney fees or costs in the trial court must depend on express direction therefor in the mandate.

We hold that it was the duty of the trial court on request, properly assumed in this case, to consider whether the appellee was entitled to attorney fees and to include in the judgment such fees and all costs to which she was entitled as the successful party. A.R.S. § 12–341.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.