992 P.2d 5

**CYPRUS BAGDAD COPPER COR-PORATION, a Delaware corporation, Plaintiff–Appellee,**

v.

**ARIZONA DEPARTMENT OF REV-ENUE and Yavapai County, De-fendants–Appellants.**

No. 1 CA–TX 98–0008.

Court of Appeals of Arizona, Division 1, Department T.

April 22, 1999.

Review Denied Jan. 4, 2000.

Fennemore Craig, P.C. by Paul J. Mooney and Kendis K. Muscheid, Phoenix, Attorneys for Appellee.

Janet A. Napolitano, The Attorney General by Michael F. Kempner, Assistant Attorney General and Linda D. DuMars, Assistant Attorney General, Phoenix, Attorneys for Appellants.

OPINION

TOCI, Judge.

¶ 1 The Arizona Department of Revenue and Yavapai County (collectively "ADOR") appeals from the tax court's award of $106,-240.62 in expert witness fees to Cyprus Bagdad Copper Corporation ("Cyprus"). Restated, ADOR's issues are as follows: (1) on remand from our reversal of the tax court's ruling limiting the amount of expert witness fees, is Cyprus barred by the mandate or by

laches from seeking additional expert witness fees, and (2) did the tax court abuse its discretion in determining that *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983), does not control expert witness fee requests and in finding that the additional expert witness fees were sufficiently substantiated and reasonable? We conclude that the trial court properly awarded such fees, and we therefore affirm.

## I. BACKGROUND

¶ 2 After Cyprus prevailed at trial in a property tax valuation matter, it requested costs, attorney's fees, and "fees and other expenses," including $69,600.00 in expert witness fees for its testifying expert, Dr. Harry J. Winters, Jr., pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 12–348 (1990). The tax court ruled that the $20,000.00 cap on awards in section 12–348(E)(5) applied not only to attorney's fees but to all other awardable expenses and taxable costs and awarded Cyprus a total of $20,000.00 for all requested sums.

¶ 3 Cyprus appealed and this court held that the $20,000.00 limitation applied only to attorney's fees and not expert witness fees. *See Cyprus Bagdad Copper Corp. v. Arizona Dep't of Revenue*, 188 Ariz. 345, 347, 935 P.2d 923, 925 (App.1997) ("*Cyprus I*").

¶ 4 On remand to the tax court, Cyprus requested $58,000.00 in expert witness fees for Dr. Winters[1] and an additional $106,240.62 in expert witness fees for work performed by other individuals in the preparation of Cyprus's property valuation report. ADOR objected to the request for the additional fees, arguing that Cyprus's request was untimely under Rule 54(g) of the Arizona Rules of Civil Procedure, was barred by laches, and lacked sufficient documentation to make it reasonable. Following a hearing on the issue of timeliness, Judge Cates ruled that Cyprus's request was timely. Judge Cates then transferred the matter to Judge Schafer, who had presided over the trial, to determine the issue of the reasonableness of the requested fees. Following a hearing at which Dr. Winters testified, Judge Schafer found that the requested expenses were sufficiently substantiated and awarded Cyprus $106,240.62 in additional expenses. ADOR filed a timely notice of appeal.

## II. DISCUSSION

### A. The Appellate Court Mandate

¶ 5 ADOR first contends that the issue of the reasonableness of the additional expert fees was "outside the scope of the Court's mandate" in *Cyprus I* and that the tax court therefore erred in considering it. We disagree.

¶ 6 A determination whether the additional expense request is outside the scope of this court's mandate is a question of law. We review legal questions de novo. *State ex rel. Miller v. Superior Ct.*, 189 Ariz. 228, 230, 941 P.2d 240, 242 (App.1997).

¶ 7 Under the mandate rule, a trial court may not consider on remand matters decided by an appellate court. The trial court, however, may address any issues that the appellate court "did not dispose of either expressly or impliedly." *Pan–Pacific & Low Ball Cable Television Co. v. Pacific Union Co.*, 987 F.2d 594, 596 (9th Cir.1993). On appeal, this court decided that expert witness fees were not subject to the $20,000.00 cap in A.R.S. section 12–348(E). *See Cyprus I*, 188 Ariz. at 347, 935 P.2d at 925. We did not decide, either expressly or impliedly, the reasonableness of the expert fees claimed by Cyprus. We remanded the case to the tax court for a determination of this issue with no limitation on the amount of fees the tax court could consider. Hence, the tax court properly considered Cyprus's request for the additional expert expenses.

### B. Laches

¶ 8 ADOR next argues that because Cyprus applied for the additional $106,240.62 in expert fees "[m]ore than two years after filing their original application, and five months after this Court issued its mandate," the equitable defense of laches should have

---

1. Cyprus recalculated Dr. Winters's fees on remand based on a rate of $125.00 per hour, which was the highest rate ADOR paid its own expert witness. *See* A.R.S. § 12–348(E)(1) (Supp.1997).

barred Cyprus's claim for the additional amount. We disagree that the trial court was bound to apply laches.

■ ¶ 9 A finding of laches is within the sound discretion of the trial court. *See McComb v. Superior Ct.*, 189 Ariz. 518, 525, 943 P.2d 878, 885 (App.1997). In order to bar a claim on the basis of laches, a court must find more than mere delay in the assertion of the claim. "The delay must be unreasonable under the circumstances, including the party's knowledge of his or her right, and it must be shown that any change in the circumstances caused by the delay has resulted in prejudice to the other party sufficient to justify denial of relief." *Id.* (quoting *Mathieu v. Mahoney*, 174 Ariz. 456, 459, 851 P.2d 81, 84 (1993)). ADOR has failed to demonstrate such unreasonable delay that the court was compelled to apply laches.

■ ¶ 10 ADOR first argues in a footnote that under Rule 54(g) of the Arizona Rules of Civil Procedure, which became effective on December 1, 1996, and requires a prevailing party to submit an application for fees within sixty days of entry of the underlying judgment, Cyprus was foreclosed from filing the supplemental fee application.[2] We find Rule 54(g) inapplicable. As Cyprus points out, Rule 54(g) was enacted more than a year after the tax court entered judgment awarding Cyprus fees and other expenses and while this case was pending at this court.

¶ 11 Although *Allen R. Krauss Co. v. Fox*, 137 Ariz. 203, 669 P.2d 980 (App.1983), is not directly on point, we find it instructive here. In *Krauss*, Division Two reversed a summary judgment in favor of Krauss and directed the trial court to enter summary judgment for Fox. *See id.* at 203, 669 P.2d at 980 (citing *Allen R. Krauss Co. v. Fox*, 132 Ariz. 125, 126, 644 P.2d 279, 280 (App.1982)). After entering judgment for Fox, the trial court granted her request for attorney's fees. Krauss appealed from the attorney's fee award, asserting that the mandate called only for the entry of judgment. *See id.* On appeal, Division Two concluded that an award of attorney's fees was proper even though there was no express direction in the mandate for the award of such fees. Although Fox had requested fees in her answer, she did not submit a fee application prior to appeal because she had not prevailed in the trial court. *See id.* at 203–04, 669 P.2d at 980–81.

■ ¶ 12 Here, similar to the situation presented in *Krauss*, Cyprus's right to expert witness fees did not exist until Cyprus prevailed on its appeal. Until Cyprus had convinced this court that expert witness fees were not limited by the $20,000.00 cap in A.R.S. section 12–348(B), there was no reason for Cyprus to expend the time and effort in compiling a request for the total sums expended for expert witness fees. Accordingly, after issuance of the mandate in *Cyprus I* and consistent with its holding, Cyprus was entitled to request the full amount of expert fees incurred in preparing and presenting its case for trial. Contrary to ADOR's assertion, the mere fact that Cyprus knew of the additional expert fees at the time of the first application does not demonstrate that Cyprus's delay in requesting them was unreasonable.

■ ¶ 13 ADOR has also failed to demonstrate that it suffered prejudice by the purported delay. Mere speculation does not substitute for proof. *See Cauble v. Osselaer*, 150 Ariz. 256, 260, 722 P.2d 983, 987 (App. 1986). In an attempt to show prejudice, ADOR first states that the tax court's decision is "contrary to principles of judicial economy since the trial court had to hear the issue of expert fees twice." Consistent with this court's directions on remand, however, the tax court was required to hear the issue of the recoverability of expert expenses twice whether or not Cyprus requested additional expenses. *See Cyprus I*, 188 Ariz. at 349, 935 P.2d at 927. The tax court never addressed the issue of the reasonableness of the expert fees request the first time because it determined that it had no discretion to award fees or expenses over the statutory $20,000.00 cap.

**2.** The tax court filed the original judgment on October 10, 1995, and Cyprus filed its supplemental application on October 17, 1997.

¶ 14 ADOR next alleges prejudice because (1) "there is a *potential* for abuse as evidenced by Cyprus Bagdad's admittedly inadvertent request for some of the same [attorneys'] fees it had already recovered in its first request," and (2) the delay creates evidentiary problems in that "the trial court *may* not remember the proceedings" and "[d]ocuments and/or evidence *may* no longer exist." (Emphasis added.) These hypothetical, unsubstantiated statements fail to demonstrate the type of actual prejudice necessary to establish a defense of laches. *See Cauble,* 150 Ariz. at 260, 722 P.2d at 987.

¶ 15 Finally, ADOR argues that "failure to give timely notice of the entire request interferes with settlement. Unless each party is on notice before each stage of the lawsuit that its opponent will seek fees, the policy encouraging settlement will not be served." The record belies ADOR's intimation that it lacked notice in this regard. Cyprus requested fees and other expenses in its complaint. Further, Dr. Winters informed ADOR in his deposition and again at trial that the cost of putting together the appraisal was over $150,000.00. In fact, ADOR acknowledges in its opening brief that Cyprus's first fee application requested over $150,000.00 in fees, other expenses, and costs, thereby putting ADOR on notice of the magnitude of the recovery it sought. Because ADOR has demonstrated neither unreasonable delay by Cyprus nor prejudice to itself, ADOR was not entitled to the defense of laches.

## C. Reasonableness of the Tax Court's $106,240.62 Expert Fee Award

¶ 16 Finally, ADOR argues that the tax court abused its discretion in finding that the requested fees were reasonable. ADOR contends that the documentation submitted by Cyprus "was completely lacking in detail" and that the fees were unable to "be justified by [Cyprus's] scant substantiation."

¶ 17 The amount to be awarded as expert witness expenses is left to the discretion of the trial court. *See Inspiration Consol. Copper Co. v. Department of Revenue,* 147 Ariz. 216, 234, 709 P.2d 573, 591 (App. 1985). We find that evidence in the record amply supports the tax court's fee award. Testimony by Dr. Winters both at trial and at the hearing following remand detailed the work performed by Dr. Winters and the other members of the appraisal team. Information included the names of the other experts, their qualifications, the type of work they performed, and how they accounted for their time. Additionally, exhibits admitted into evidence, including the 300–page valuation report by the Winters Company, detail and explain the work done by members of the company.

¶ 18 ADOR's argument that the additional expenses were not sufficiently documented is undermined by its consent to the first $58,000.00 of expenses related solely to Dr. Winters's work. Dr. Winters's expenses were documented and substantiated in the same manner as the expenses of the other experts on the team.

¶ 19 ADOR complains that the application requested reimbursement for unexplained "secretarial services," "reproduction/plots," "communications," "travel," "computer charges," "postage/express delivery," "supplies/publications," and "meals and lodging." Most of these items are self explanatory. In addition, Dr. Winters explained these items during the evidentiary hearing.

¶ 20 ADOR states that

A.R.S. § 42–153 requires that a mine valued pursuant to §§ 42–143 or 42–144 shall file with the Department of Revenue, on or before April 1st, information as required by the Department of Revenue to enable the Department of Revenue to value the company.... ADOR should not have to reimburse Cyprus Bagdad for work that was required to be given to ADOR under § 42–153 and which Winters simply duplicated.

To the extent this assertion is an argument by ADOR that Cyprus was not entitled to expend any resources on an expert but instead should have relied on the information required to be submitted to ADOR by statute, we reject it. Such an argument is contrary to the provision of A.R.S. section 12–348(B) that allows expenses incurred in pre-

paring an expert's report to be recovered in a property tax case.

¶ 21 ADOR cites *China Doll*, 138 Ariz. 183, 673 P.2d 927, for the proposition that property valuation experts should be required to comply with the requirements imposed on attorneys for attorney's fees requests. *China Doll*, however, does not impose such requirements upon experts, and we decline to do so here. Property valuation experts do not routinely keep the type of detailed records kept by attorneys in the course of their business. To require the valuation experts in this case at this late date to attempt to reconstruct their records to comply with *China Doll* would be a futile exercise; to announce such a requirement for the future would impose an undue burden on this profession.

¶ 22 Further, A.R.S. section 12–348(D) (Supp.1998), refutes ADOR's assertion that *China Doll* controls an application for expert witness fees. The statute provides that an expert fee application must include "the amount sought, including an itemized statement ... stating the actual time expended ... and the rate at which the fees were computed." Cyprus's evidence complies with the statute. If the more stringent *China Doll* requirements are to govern expert fee applications, the legislature may amend the statute to so provide.

¶ 23 ADOR cites three cases from other jurisdictions to support its contention that experts are "required to submit itemized statements" such as those required by *China Doll* for attorney's fees requests. We find them inapposite. ADOR cites *Truckweld Equipment Co. v. Swenson Trucking & Excavating, Inc.*, 649 P.2d 234 (Alaska 1982), for the proposition that the court "denied expert witness fees where the applicant failed to submit a time sheet which detailed the hourly breakdown of the witness' time." In that case, however, the court was affirming an exercise of discretion to deny fees without a time sheet, unlike the present case where the court exercised its discretion to award fees. Further, Alaska, unlike Arizona, had an administrative rule that required that certain specific items be considered before

additional expert witness fees could be paid. *See id.* at 241.

¶ 24 ADOR cites *Marriage of Winton*, 216 Ill.App.3d 1084, 159 Ill.Dec. 933, 576 N.E.2d 856 (1991), stating that the court "rejected an expert witness fee award because the invoice failed to indicate the time spent on the listed services or the hourly rate charged." This lack of detail, however, was only one factor of several relied upon by the court in its denial of fees. The *Winton* court noted that the record contained an "unimpressive" five-page report and no testimony regarding the fees. *See id.*; 159 Ill.Dec. 933, 576 N.E.2d at 862. In contrast, the record before us contains Winters's 300–page report as well as detailed testimony and documentation establishing the type of work performed by the other experts, the necessity of each piece of work, and the rates charged and the hours per month spent by each expert on the project.

¶ 25 ADOR also cites *Dixie Electric Membership Corp. v. Kinchen*, 280 So.2d 332 (La. App.1973), in which the court reduced an expert fee award because the expert did not itemize the hours spent and the effort expended in preparing his appraisal. Here, in contrast, the record contains an itemization of the hours spent by each expert on the project and testimony detailing the work performed. The *Dixie* court characterized the expert's "examination and preparatory work" as "relatively limited in scope and extent." *Id.* at 337. The Winters Company's 300–page detailed valuation report illustrates the broad scope and meticulous detail of the preparatory work performed by various team members.

¶ 26 In summary, we find that the tax court had before it ample evidence to determine that the additional fee request was reasonable. Accordingly, the court acted within its discretion in awarding $106,240.62 in additional expert fees.

¶ 27 Cyprus requests an award of its costs and attorney's fees incurred in responding to ADOR's appeal pursuant to A.R.S. sections 12–341 (1992) and 12–348 (Supp.1998). In the exercise of our discretion, we award Cyprus costs and attorney's fees upon compliance with the requirements of Rule 21 of the Arizona Rules of Civil Appellate Procedure.

## III. CONCLUSION

¶ 28 For the foregoing reasons, we affirm the tax court's judgment awarding Cyprus $106,240.62 in additional expert witness fees.

CONCURRING: JEFFERSON L. LANKFORD, Presiding Judge, and CECIL B. PATTERSON, JR., Judge.