NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of:

DANETTE MILLER, *Petitioner/Appellant,*

*v.*

THOMAS A. MILLER, *Respondent/Appellee.*

No. 1 CA-CV 14-0110 FC
FILED 4-16-2015

Appeal from the Superior Court in Maricopa County
No. FC2007-008371
The Honorable Veronica W. Brame, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Danette Miller, Phoenix
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

**P O R T L E Y**, Judge:

**¶1**        Danette Miller ("Mother") appeals the denial of her request for an award of attorneys' fees. For the reasons stated below, we affirm the order denying Mother's fee request.

## BACKGROUND

**¶2**        Thomas Miller ("Father") was found in contempt of the family court in 2012 for failing to comply with a support order. The court ordered Father to pay his support obligation by February 1, 2012. When Father failed to comply, he was again found in contempt and the court instructed Mother to submit a fee affidavit. Following the court's direction, Mother submitted a motion for attorneys' fees and fee affidavit without objection by Father. Inexplicably, the court denied Mother's fee request without comment and Mother appealed from the denial of her fee request ("2013 appeal").

**¶3**        After considering the 2013 appeal, this court vacated the order denying Mother fees and remanded the case to allow the court to "consider what amount of fees and costs are reasonable for Mother's attempts to enforce the valid support orders." *Miller v. Miller*, 1 CA-CV 12-0567/12-0679 (consol.), 2013 WL5708197, at *3, ¶ 17 (July 25, 2013) (mem. decision). On remand, Mother merely resubmitted her July 2012 affidavit for attorneys' fees, but this time Father responded.[1] The court again denied Mother's request in a signed order.

**¶4**        Mother filed a timely notice of appeal. Father did not file an answering brief. In the exercise of our discretion we decline to treat this as a confession of error. *See Gonzales v. Gonzales,* 134 Ariz. 437, 437, 657 P.2d 425, 425 (App. 1982) ("Although we may regard [the] failure to respond as a confession of reversible error, we are not required to do so."). We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[2]

---

[1] There was some confusion on remand because the 2013 appeal involved the remand of three different rulings: one by the commissioner (at issue in this appeal) and two by the superior court judge (not at issue in this appeal). *See Miller, id.* at *1, ¶¶ 2-5. Ultimately, the matters were resolved.
[2] We cite to the current version of the statute unless otherwise noted.

## DISCUSSION

**¶5**        We review the denial of attorneys' fees for an abuse of discretion. *See Democratic Party of Pima Cnty. v. Ford,* 228 Ariz. 545, 547, ¶ 6, 269 P.3d 721, 723 (App. 2012).  The family court may award attorneys' fees and costs to one party after "considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." *See* A.R.S. § 25-324.

**¶6**        This court previously determined that it was an abuse of discretion to deny Mother's fee request in its entirety because "Mother's financial resources in 2012 were substantially less than Father's" and the record did not "indicate any position Mother took that warranted a complete denial of her fees and costs." *Miller,* 1 CA-CV 12-0567/12-0679, at *2, 3, ¶¶ 13, 15.  Mother contends the court failed to follow the mandate by denying her fee request.  We disagree.  The mandate directed the court to determine what amount of fees were reasonable for Mother's attempts to enforce the support orders. *Id.* at *3, ¶ 17.  Although this court determined Mother had substantially less financial resources than Father, the mandate did not direct the court to award fees regardless of the reasonableness of Mother's positions. *See, e.g., Cyprus Bagdad Copper Corp. v. Ariz. Dep't of Revenue,* 196 Ariz. 5, 7, ¶ 7, 992 P.2d 5, 7 (App. 1999).  The court had discretion to consider the reasonableness of Mother's fee request.

**¶7**        On remand, Father asserted that Mother is a paralegal and the fee affidavit did not specify that her attorney, and not Mother, performed the work billed.  Father also alleged that unspecified entries included inflated time.  Father, however, did not make the objections when Mother first requested fees in 2012.  Because Mother only resubmitted her 2012 request on remand and did not add any additional information, Father's objections are untimely.  Moreover, there is no indication that any fees for paralegal services were billed in 2012 and the original fee affidavit stated that Mother's attorney billed $250 per hour.

**¶8**        This court instructed the court to "consider what amount of fees and costs are reasonable for Mother's attempts to enforce the valid support order." *Miller,* at *3, ¶ 17.  On remand, the court listed several pleadings considered in ruling on the mandate.  Although those pleadings were considered and ruled on when the court initially denied Mother's fee request in 2012, Mother's fee request did not include charges for those

pleadings. Therefore, those pleadings are not relevant in determining the reasonableness of Mother's positions in the contempt proceedings.[3]

¶9 Mother has a right to enforce support orders and need not wait months to do so. Nonetheless, the court implied that the filings in this case are duplicative and needlessly contentious. We agree. Mother's amended motion for contempt sought relief on issues not before the court, i.e., the foreign judgment, a new reimbursement request, and health insurance coverage. The additional information needlessly confused the record, expanded the issues, and increased the amount of time and resources spent in the proceedings. The cited motions also requested the same relief previously requested in other proceedings. For example, Mother filed multiple pleadings seeking relief from Father's failure to comply with the court's January 5, 2012 order: a pretrial statement filed with the superior court judge on February 6, 2012; and the contempt motions filed with the court on March 2, 2012 and May 21, 2012. It was unreasonable for Mother to raise the same issue before two different judicial officers, which also needlessly confused the proceedings and resulted in duplicated efforts by the parties as well as court staff. The record supports the court's conclusion that Mother took unreasonable positions in her contempt proceedings.[4]

¶10 We do not condone Father's repeated failure to pay support orders, which are enforceable by contempt proceedings. However, in her attempt to enforce that obligation, Mother needlessly expanded and

---

[3] Specifically, the following pleadings listed in the court's order were not included in Mother's fee request: (1) Mother's Affidavit of Attorneys' Fees and Costs filed March 20, 2012, and Father's response thereto; Judge Whitten's denial of the same and Mother's unsuccessful motion for reconsideration; (2) Mother's Objection to Filed Arrears Calculation filed June 25, 2012; (3) Mother's Affidavit of Non-Compliance and Request for Arrest Warrant filed July 11, 2012; (4) Mother's Supplemental Affidavit of Non-Compliance and Request for Arrest Warrant filed August 2, 2012; and (5) Father's purge receipt filed July 27, 2012.

[4] The court indicated that Mother's motion for contempt was filed less than a month after Judge Whitten entered judgment and requested relief for Father's failure to pay support for the single month of February 2012. However, Mother's motion for contempt argued that Father was in contempt of the commissioner's enforcement judgment/order filed January 10, 2012, and was not based on Judge Whitten's February 10, 2012 judgment (filed March 7, 2012).

confused the contempt proceedings. Therefore, the court did not abuse its discretion in denying her request for attorneys' fees.

## ATTORNEYS' FEES AND COSTS ON APPEAL

**¶11**    Mother requests an award of fees and costs on appeal pursuant to A.R.S. § 25-324. Mother represented herself on appeal and, therefore, is not entitled to attorneys' fees. *See Connor v. Cal-Az Props., Inc.*, 137 Ariz. 53, 56, 668 P.2d 896, 899 (App. 1983) (recognizing that party filing pro per cannot claim attorneys' fees due to the absence of an attorney-client relationship). We also deny Mother's request for costs on appeal pursuant to A.R.S. § 25-324(A) because she was not the successful party. A.R.S. § 12-342(A) (authorizing award of costs to *successful* party on appeal).

## CONCLUSION

**¶12**    We affirm the order denying Mother's July 2012 request for attorneys' fees and costs.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

5