IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,
*Appellee*,

*v.*

DAVE ALLEN LAPORTE,
*Appellant*.

No. 2 CA-CR 2024-0249
Filed June 5, 2026

Appeal from the Superior Court in Apache County
No. S0100CR201900388
The Honorable Michael Latham, Judge

**VACATED AND REMANDED**

COUNSEL

Kristin K. Mayes, Arizona Attorney General
Alice M. Jones, Deputy Solicitor General/Section Chief of Criminal Appeals
By Joshua C. Smith, Assistant Attorney General, Phoenix
*Counsel for Appellee*

E.M. Hale Law, Lakeside
By Elizabeth M. Hale
*Counsel for Appellant*

## OPINION

Vice Chief Judge Eppich authored the opinion of the Court, in which Presiding Judge Vásquez and Chief Judge Staring concurred.

E P P I C H, Vice Chief Judge:

¶1 Dave LaPorte appeals from the sentences imposed by the trial court for second-degree murder, abandonment or concealment of a dead body, and tampering with physical evidence on remand from his prior appeal. He argues the trial court violated this court's mandate when it sentenced him to an aggravated term after this court ordered him to be sentenced at or below the presumptive prison term for each count. For the following reasons, we vacate his sentences and remand for resentencing consistent with this opinion.

### Factual and Procedural Background

¶2 In October 2019, LaPorte killed his wife, T.L., and left her body in a ditch by the side of the road. *State v. LaPorte*, No. 1 CA-CR 22-0257, ¶¶ 3-6 (Ariz. App. Feb. 1, 2024) (mem. decision). After a jury trial, he was convicted of second-degree murder, abandonment or concealment of a dead body, and tampering with physical evidence. *Id.* ¶ 9. While the jury was deliberating, the state, defense counsel, and the court discussed aggravating factors. Both parties appeared to be under the impression that LaPorte had a prior aggravated DUI conviction that—although more than ten years old—was considered a "forever prior" and could serve as an aggravator for the second-degree murder and as an enhancer for the other two counts.[1] After discussing how this "forever prior" served as an aggravator, both parties appeared to agree to the court's suggestion to skip a jury trial on the other alleged aggravating factors. But this agreement could be revoked as the court noted:

> [The court]: Okay. No aggravation phase. Now of course, if you change your minds—
>
> [Prosecutor]: That's fine

---

[1]A.R.S. §§ 13-105(22)(iv); 13-703.

[Defense Counsel]:  We'll let you know

**¶3**      At the sentencing hearing, the court found the "forever prior" to be an aggravating factor as to the second-degree murder, and the use of a deadly weapon as an aggravating factor for the rest of the charges. LaPorte was sentenced as a repetitive offender and received the maximum sentence for all three convictions.  *Id.* ¶¶ 10-14.

**¶4**      LaPorte appealed, and this court affirmed his convictions but vacated his sentences because the prior conviction "was for *attempted* aggravated DUI, not aggravated DUI" and therefore "could not be used as an aggravating circumstance to impose a maximum sentence" for any of the convictions because it was not a historical prior felony conviction. *Id.* ¶¶ 11, 30-33; *see* A.R.S. §§ 13-105(22), 13-703.[2]  Further, this court noted other issues at sentencing, including that it was error for the court to find aggravating factors other than a prior conviction without a jury determination.  *Id.* ¶ 34.[3]  The state conceded the errors.  *Id.* ¶¶ 29, 34.  The case was remanded for resentencing, and this court ordered the trial court's discretion on remand be "limited to imposing a sentence either at or below the presumptive for all three convictions."  *Id.* ¶ 35.

**¶5**      Following our decision, but before a mandate was issued, the state notified the trial court that the transcript of the discussion where the parties and the court discussed possibly waiving a jury trial on the aggravating factors had not been transmitted to this court.[4]  The state filed

---

[2]LaPorte's first appeal was decided by a panel of judges from another division of this court.  Because the two divisions of the Arizona Court of Appeals constitute a single court, *see State v. Patterson*, 222 Ariz. 574, ¶ 6 (App. 2009), we refer to the resulting decision, mandate, and denial of reconsideration as "ours," notwithstanding that they were issued by a panel from the other division of this court.

[3]The sentencing error had not been raised by the parties on appeal, but was identified by the court as fundamental error.  *LaPorte*, No. 1 CA-CR 22-0257, ¶¶ 27-28.

[4]The parties had discovered the in-chambers discussion had not been transcribed as early as October of 2023, some four months before we issued our memorandum decision, and promptly had a transcript prepared. However, they did not realize that a copy had not been received by our court until after the decision was issued.  At oral argument in the instant appeal, counsel for the state indicated that it was his belief that the Attorney

an emergency motion with the trial court to correct the record on appeal, which the court granted. The state subsequently filed a motion for reconsideration with this court, arguing that if we had been in possession of the transcript, we would have come to a different conclusion. We denied that motion. The state did not seek review by our supreme court of either the initial decision or the denial of the motion for reconsideration. This court then issued a mandate to the trial court, directing it to "conduct such proceedings as required to comply with the memorandum decision."

¶6        Upon remand, the trial court directed LaPorte and the state to brief whether "the Court of Appeal's opinion on resentencing is binding or not, whether the Court is bound to limit the sentencing to the presumptive or minimum, and if the Court is able to hold a resentencing where a sentencing jury would be impaneled to find aggravating circumstances." Both parties briefed the issues, and the court ultimately agreed with the state that it was not bound by this court's decision limiting its discretion at sentencing and impaneled a jury to find aggravating factors. At that proceeding, the state presented evidence of the aggravating factors of use of a deadly weapon and emotional harm suffered by the victim's immediate family. The jury found all aggravating factors proven. LaPorte was sentenced to an aggravated term for all three counts, to be served consecutively, totaling 28.5 years. This appeal followed. We have jurisdiction under A.R.S. § 13-4033. *See State v. Hartford*, 145 Ariz. 403, 404-05 (App. 1985) (direct appeal raised after remanded resentencing).[5]

---

General's office had not received a copy of the transcript until after the decision was issued, contrary to the prosecutor's representation to the trial judge that the Attorney General's office had been provided a copy by email on October 27, 2023. A day after argument, the state filed a Notice of Record Correction, confirming that the state's appellate counsel in LaPorte's first appeal had received the email on that date which included the transcript.

[5]At least in the context of civil cases, we have concluded that when an appellate court issues a mandate to a trial court with specific directions requiring the court to perform a mere ministerial act over which it has no discretion, the appropriate remedy for noncompliance with the mandate is via special-action review. *Scates v. Ariz. Corp. Comm'n*, 124 Ariz. 73, 75 (App. 1979). Here, although the trial court exceeded the discretion allowed under the mandate, the discretion that was permitted did not render the resentencing a purely ministerial act. Accordingly, *Scates* does not apply. But even if its reasoning would extend to the circumstances here, we would

## Discussion

**¶7** LaPorte argues the trial court violated this court's mandate when it impaneled a new jury to find aggravating factors enhancing his sentence above the presumptive term.[6] We review the legal question of the effect of our mandate de novo. *Cyprus Bagdad Copper Corp. v. Ariz. Dep't of Revenue*, 196 Ariz. 5, ¶ 6 (App. 1999).

**¶8** It is well-settled in Arizona that "the trial court is absolutely bound by the decision and mandate of an appellate court" and the trial court lacks the authority to review an appellate court's determination. *Tovrea v. Superior Court*, 101 Ariz. 295, 297 (1966); *e.g., Bogard v. Cannon & Wendt Elec. Co.*, 221 Ariz. 325, ¶ 30 (App. 2009) (trial court must strictly follow appellate mandate); *Cyprus Bagdad Copper Corp.*, 196 Ariz. 5, ¶ 7 ("[T]rial court may not consider on remand matters decided by an appellate court."). This is known as the "mandate rule," *Cyprus Bagdad Copper Corp.*, 196 Ariz. 5, ¶ 7, but has also been referred to under the larger umbrella of the "law of the case" doctrine, *Jordan v. Jordan*, 132 Ariz. 38, 41 (1982).

**¶9** The law of the case doctrine stands for the principle that a legal question ruled upon by the appellate court will not be decided differently on a subsequent appeal in the same case. *See Jordan*, 132 Ariz. at n.3. Some exceptions to this doctrine apply, such as if (1) there has been a change in the essential facts or issues; (2) there has been a substantial change in the evidence; or (3) the first appellate decision was manifestly erroneous or unjust. *Dancing Sunshines Lounge v. Indus. Comm'n*, 149 Ariz. 480, 483 (1986); *see, e.g., Jordan*, 132 Ariz. at 42-44; *Lennar Corp. v. Transamerica Ins. Co.*, 227 Ariz. 238, ¶ 12 (App. 2011). However, except as they might apply to our obligation to follow our prior mandate in this case, these exceptions

---

accept special-action jurisdiction and grant relief consistent with our disposition. *See State v. Gahary*, 252 Ariz. 21, ¶ 6 (App. 2021) (accepting special-action jurisdiction over a matter brought as a direct appeal).

 [6]LaPorte also argues his original sentencing was unlawful because he did not knowingly or voluntarily waive his right to a jury to find aggravating factors, and the state invited the error because it knew that LaPorte's prior felony was not a "forever prior." The state denies that the error was invited and argues that because on remand LaPorte received a jury trial and the "forever prior" was not considered, these issues are moot. In light of our disposition of the instant appeal, we need not address these arguments. *See State v. Wood*, 180 Ariz. 53, 72 (1994).

do not apply here because the trial court was not reconsidering its own decision, but instead considering legal issues the appellate court had already decided. *See Jordan*, 132 Ariz. at 42 (distinguishing appellate court being bound by its own decisions as law of the case from obligation of lower court to comply with appellate mandate). We have acknowledged that the two concepts have not always been adequately distinguished in our prior case law and has resulted in confusion concerning "the differing considerations raised by these distinctive applications of the doctrine." *Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 278 (App. 1993); *cf. deNourie & Yost Homes, LLC v. Frost*, 893 N.W.2d 669, 679 (Neb. 2017) (concluding law of the case doctrine "applies with greatest force when an appellate court remands a case to an inferior tribunal"). To find the broader exceptions applicable here would "creat[e] a circular process that would provide no end to litigation nor final determination of rights and obligations." *Tovrea*, 101 Ariz. at 297.

¶10 In practice, under the mandate rule, our supreme court has found that a trial court can contravene a direct mandate from an appellate court in the limited circumstance "where the policy of the law has been changed, by legislative enactment or decision of a higher court, while the case is still pending resolution," *see Jordan*, 132 Ariz. at 43-44, or where "the prior appellate decision was not on the merits," *Dancing Sunshines Lounge*, 149 Ariz. at 483. These have been the only circumstances in which a lower court has properly disregarded a higher court mandate. Here, however, this court clearly considered the sentencing issue on the merits and no such intervening change in the law occurred.

¶11 Even if a trial court could rely on other exceptions found in the broader law of the case doctrine, those that the trial court purported to rely upon here—that the underlying evidence was not substantially the same, that there was manifest injustice, and that the appellate court's decision was legally erroneous—do not apply. There was no substantial change in evidence to warrant a departure from the appellate mandate. The trial court decided to impanel a jury to consider aggravating factors after the mandate was issued because the appellate court never received the transcript of "an in chambers meeting between the trial judge, the State, Defense Counsel, and the Defendant where the issue of the aggravation phase of the jury trial was discussed, analyzed, and ultimately waived by all the parties," before issuing its decision. But the missing transcript was not new evidence—it existed all along. And, in any event, the transcript was presented to this court with the motion for reconsideration, which we denied before we issued the mandate concluding the appeal. Further, the

transcript was devoid of any knowing, voluntary, and intelligent waiver from LaPorte of a jury trial on the aggravating factors, and only included a discussion of the two parties being open to the possibility. *See State v. Brown*, 212 Ariz. 225, ¶ 15 (2006). Because "[s]uch a waiver cannot be presumed when the defendant was [not] informed of the right to jury trial on aggravating factors," *id.*, and there is nowhere in the transcript that shows LaPorte was informed of his right to a jury trial on the aggravating factors, there was no change of evidence to warrant deviation from the mandate, *see Kadish v. Ariz. State Land Dep't*, 177 Ariz. 322, 327 (App. 1993) (law of the case doctrine applies where facts, issues and evidence remain substantially similar).

¶12 Moreover, this court's decision was not solely concerned with the ambiguity of whether LaPorte waived his right to a jury at the aggravation phase of trial but also discussed the fact that LaPorte's understood "forever prior" was not, in fact, a "forever prior." *LaPorte*, No. 1 CA-CR 22-0257, ¶¶ 11, 30-31. Because of this incorrect assumption by both parties and the trial court, LaPorte was sentenced to an aggravated term on the first count and an enhanced sentence for the remaining counts. *Id.* ¶¶ 10-14. The missing transcript only confirms this court's conclusion that the trial court committed an error by considering LaPorte's prior conviction at his sentencing.

¶13 Similarly, even if we were to consider manifest injustice as an exception to the mandate rule, this court's mandate did not create any such injustice. In its decision, the trial court determined that the presumptive term for LaPorte's crimes would be manifestly unjust; but that is for the legislature, not the court, to decide. *State v. Miranda*, 200 Ariz. 67, ¶ 5 (2001) ("Defining crimes and fixing punishments are functions of the legislature."). While an aggravated term may be imposed if an aggravating circumstance is found to be true, it is not required. A.R.S. § 13-701(C); *see State v. Fell*, 210 Ariz. 554, ¶ 13 (2005). Here, the court determined that sentencing LaPorte to the presumptive term would "deprive the victims of their right to be meaningfully heard." However, nothing prevented the court from considering the victims' testimonies when sentencing LaPorte within the discretion given by the appellate court. *See* § 13-701(G) (when imposing a sentence a court must consider a victim's testimony at a mitigation proceeding). Thus, there was no error in the mandate that rendered it manifestly unjust. *See Kadish*, 177 Ariz. at 327-28.

¶14 The trial court also noted that it was disregarding the mandate because it considered the court of appeals decision to be "clearly

erroneous under Arizona law." However, purported legal error cannot be invoked by a lower court as an exception to the mandate rule because our supreme court has directed that an appellate court's mandate addressing a legal issue, "'right or wrong[,]' controls the proceedings in the trial court." *Vance v. Vance*, 124 Ariz. 1, 3 (1979) (quoting *Tucson Gas & Elec. Co. v. Superior Court*, 9 Ariz. App. 210, 213 (1969)). Accordingly, the trial court may not countermand a higher court's judgment upon remand. *State v. Federico*, 104 Ariz. 49, 51 (1968).

**¶15** The state argues that the trial court did not violate the mandate by sentencing LaPorte to an aggravated term because, citing *Raimey v. Ditsworth*, the "obvious intent" of this court's memorandum decision was to protect LaPorte's right to a jury finding of the existence of aggravating factors. 227 Ariz. 552, ¶ 6 (App. 2011) ("A trial court does not have 'authority to transgress upon the obvious intent of this court' by contravening on remand a decision and mandate previously issued." (quoting *Tucson Gas & Elec. Co.*, 9 Ariz. App. at 212)). It asserts that by impaneling a jury to determine the aggravating factors, the trial court sufficiently complied with this court's mandate. We disagree.

**¶16** Our memorandum decision in LaPorte's first appeal provided, in relevant part:

> Because the court could not use the prior conviction as a sentence enhancer or an aggravating circumstance and the jury did not make findings of any other aggravating circumstances, the superior court's discretion on remand is limited to imposing a sentence either at or below the presumptive for all three convictions.

*LaPorte*, No. 1 CA-CR 22-0257, ¶ 35. The state relies on the initial phrase of that sentence to argue that the subsequent impaneling of a jury to find aggravating factors was sufficient to comply with our mandate such that the trial court could disregard the remainder of the sentence. In so doing, the state confuses the rationale underlying the mandate with the clear and specific direction set forth therein. The "Because" phrase preceding the comma was an explanatory, prefatory clause. The operative command— the actual mandate—was the language that followed. *See, e.g.*, *District of Columbia v. Heller*, 554 U.S. 570, 577 (2008) (discussing distinction between and proper application of prefatory and operative clauses).

¶17        Furthermore, the state's suggestion that the mandate was open to the interpretation it now advances is inconsistent with its argument in its motion for reconsideration, wherein it asked this court to amend its decision to permit a jury to be impaneled, thereby acknowledging that the trial court was precluded from doing so. In fact, at least prior to the filing of the motion for reconsideration, that was the trial court's understanding of our decision as well. At a hearing with trial counsel to discuss the issue of the missing transcript and the prospect of such a motion, the court stated, "[b]ut right now, the opinion basically limits the Court to the presumptive or mitigated."

¶18        The trial court was specifically directed to sentence LaPorte to either a mitigated or presumptive term for each crime, and it clearly violated the mandate when it sentenced LaPorte outside of this limited discretion. *See Tovrea*, 101 Ariz. at 297. And, contrary to the state's argument in its answering brief, this issue was clearly addressed and decided by this court in its ruling limiting the trial court's discretion on remand to sentencing LaPorte to "either at or below the presumptive for all three convictions." *LaPorte*, No. 1 CA-CR 22-0257, ¶ 35.

¶19        If the state was dissatisfied with either our original decision or the denial of the motion for reconsideration, it could have sought review by our supreme court. It elected not to do so.[7] That decision did not empower the trial court to substitute its judgment as to the proper remedy for ours.

## Disposition

¶20        For the foregoing reasons, we vacate LaPorte's sentences and remand for resentencing consistent with the clear directive of our prior mandate.

---

[7]In essence, the state now argues that we should reconsider the denial of reconsideration, asking that we speculate as to reasons, other than the merits, that might explain it. Under the circumstances, we decline to do so. *See* Ariz. R. Crim. P. 31.20(f) (precluding party from filing motion for reconsideration of denial of motion for reconsideration absent specific appellate court order).