925 P.2d 705

**CITY OF PHOENIX, a municipal corporation of the State of Arizona, Plaintiff–Appellant,**

**v.**

**PAPER DISTRIBUTORS OF ARIZONA, INC., an Arizona corporation, Defendant–Appellee.**

No. 1 CA–TX 94–0020.

Court of Appeals of Arizona, Division 1, Department T.

April 2, 1996.

Review Denied Oct. 21, 1996.

Roderick G. McDougall, Phoenix City Attorney by James H. Hays, Assistant City Attorney, Phoenix, for Plaintiff–Appellant.

Quarles & Brady by Michael G. Galloway, Phoenix, for Defendant–Appellee.

Grant Woods, Attorney General by James M. Susa, Assistant Attorney General, Phoe-

nix, for Amicus Curiae Arizona Department of Revenue.

## OPINION

SULT, Judge.

The City of Phoenix (the city) appeals from a tax court judgment awarding $16,807 in attorneys' fees to taxpayer Paper Distributors of Arizona, Inc., (the taxpayer) pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 12–348(B) (1992). The Arizona Department of Revenue (DOR) has been granted leave to file a brief as *amicus curiae*. The city's appeal raises two questions:

    1. Whether the tax court erred in awarding fees to the taxpayer pursuant to A.R.S. section 12–348(B) where the taxing authority commenced the action in the tax court to contest an adverse administrative determination on an assessment challenge initiated by the taxpayer; and

    2. Assuming A.R.S. section 12–348(B) applies, whether the tax court erred in awarding the taxpayer attorneys' fees incurred in the administrative process in addition to those incurred in the tax court proceeding.

We have jurisdiction pursuant to A.R.S. section 12–2101(B) (1994).

## FACTS AND PROCEDURAL HISTORY

From November 1986 through April 1990, the taxpayer engaged in selling paper products within the City of Phoenix. The city conducted a privilege and use tax audit of the taxpayer's books and records for that period. In March 1991, the city's tax collector assessed a deficiency of $81,994.55 against the taxpayer, including $27,257.24 in privilege taxes for sales of paper products to restaurants between April 1987 and April 1990.

The taxpayer timely petitioned for a hearing before the city's hearing officer. Following the hearing, the hearing officer issued a ruling directing the tax collector to abate the taxes assessed on the sales of paper products to restaurants, holding that such sales were nontaxable under the city's tax ordinances. Pursuant to Phoenix City Code section 14–575,[1] the city sought judicial review. On cross-motions for summary judgment, the Arizona Tax Court ruled for the taxpayer, holding that sales of paper products to restaurants were sales for resale and thus not within the city's authority to tax.

The taxpayer requested an award of attorneys' fees in the amount of $16,807 pursuant to section 12–348(B).[2] This request included amounts billed to the taxpayer for legal services rendered both in the administrative appeal process and the tax court proceedings. The city opposed the entire request, contending that section 12–348(B) applied only in cases in which the tax court proceeding was commenced by the taxpayer. The city also contended that in any event, fees incurred in the administrative hearing process were not recoverable. The tax court nevertheless awarded the taxpayer attorneys' fees in the full amount requested and from this judgment the city appeals.

## DISCUSSION

### 1. Applicability of A.R.S. Section 12–348(B)

The immediate predecessor of section 12–348(B) was former section 12–348(A)(2),

---

1. This section provides in pertinent part:
    (b) The Tax Collector may seek judicial review of all or any part of a Hearing Officer's decision by initiating an action in the appropriate Court of this County.

2. A.R.S. § 12–348, as last amended in 1990, provides in pertinent part:
    A. In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party other than this state or a city, town or county which prevails by an adjudication on the merits in any of the following:
    1. A civil action brought by the state or a city, town or county against the party.

2. A court proceeding to review a state agency decision, pursuant to chapter 7, article 6 of this title [A.R.S. §§ 12–901, *et seq.*], or any other statute authorizing judicial review of agency decisions.

   .    .    .    .    .

    B. In addition to any costs which are awarded as prescribed by statute, a court may award fees and other expenses to any party, other than this state or a city, town or county, which prevails by an adjudication on the merits in an action brought by the party against this state, a city or town or county challenging the assessment or collection of taxes.

which provided a mandatory award of fees and expenses to any party other than the state or a city, town or county that prevailed on the merits in:

> A civil action brought by the party against the state, a city or town to challenge the assessment or collection of taxes.

In 1990, the legislature adopted a series of amendments to section 12–348. 1990 Ariz. Sess.Laws Ch. 360, § 1. Former subsection (A)(2) became subsection (B) and the amending legislation changed the award of fees and expenses in tax cases from mandatory to discretionary. It also extended liability for such awards to counties. It provided that such awards were to be computed at not more than $100 per hour and were not to exceed $20,000 against any governmental defendant, including the state. A.R.S. § 12–348(B), (E)(3), (E)(5).³ We conclude from the scope and nature of these amendments that the legislature's intent was to prescribe a uniform standard for fee awards which was to exclusively apply to all tax cases.

■ The city does not dispute that subsection (B) is intended in some instances to apply to fee awards in tax cases. However, the city would limit the subsection's applicability by focusing on the language in the subsection which was not amended in 1990 and which permits an award only in an action brought *"by the party against ... a city."* The city would construe this language to authorize a fee award only where the tax court action was initiated by the taxpayer. Here, the city argues, since the taxpayer prevailed at the administrative level, the city, not the taxpayer, commenced the tax court action. Therefore, the city reasons, subsection (B) cannot apply.

■ Conflicting with the city's narrow interpretation of subsection (B) is the motivation of the legislature in enacting section 12–348 in the first place. From the beginning, the policy underlying section 12–348 has been "to reduce the economic deterrents individuals faced in contesting governmental actions." *Arizona Tax Research Ass'n v. De-*

*partment of Revenue,* 163 Ariz. 255, 258, 787 P.2d 1051, 1054 (1989). The Arizona Supreme Court has recognized that section 12–348 and other fee award statutes are "very broad exceptions to the American rule barring attorney's fees." *Estate of Walton,* 164 Ariz. 498, 501, 794 P.2d 131, 134 (1990) (citing *New Pueblo Constructors v. State,* 144 Ariz. 95, 111, 696 P.2d 185, 191 (1985)).

This background does not favor the city's interpretation that subsection (B) is applicable only in those tax controversies in which the taxpayer must initiate the matter in the tax court. The necessary corollary to the city's position would be that in every tax case in which the taxpayer has prevailed at the administrative level, thereby necessitating the governmental entity bringing the action in the tax court, no fee award could be made to the prevailing taxpayer. Such an interpretation would be in direct contravention of the statutory policy.

Recognizing this, the city argues that in such a situation subsection (A)(1) of section 12–348 would apply to provide relief to the taxpayer. This subsection, of course, is the *mandatory* fee award provision designed generally to apply to civil actions brought by a governmental entity. The city urges this result notwithstanding that it is obvious that the legislature desired that fee awards in tax cases be *discretionary* and further clearly designed subsection (B) expressly for tax cases. Neither the city nor *amicus curiae* DOR even attempts to suggest a rationale that would explain why the legislature would have designed a system specifically for tax cases, only to condition its applicability on the fortuitous circumstance of who prevailed at the administrative level. Moreover, such a construction would be contrary to the manifest intent of the legislature noted above to have a single standard applicable exclusively to all tax matters.

In another context, our supreme court rejected an attempt by DOR to impose a similar narrowing construction on subsection (A)(1) of section 12–348. As noted above,

---

**3.** In contrast, fees awards under A.R.S. § 12–348(A), involving other types of court actions a governmental entity may be involved in, remained mandatory, were to be computed at a

maximum hourly rate of $75, and were unlimited in amount against the state but capped at $10,000 against a city, town or county. A.R.S. § 12–348(A), (E)(2), (E)(4).

this section provides for an award of fees and expenses in "[a] civil action brought *by* the state or a city, town or county *against* the party." In *Estate of Walton,* 164 Ariz. 498, 794 P.2d 131 (1990), DOR had been joined as a respondent on a petition for adjudication of heirship filed in the superior court by putative heirs. The petitioners prevailed on the merits in the superior court and the court of appeals. On review to the supreme court, DOR argued that since it had not initiated the action in the court below, it could not be assessed fees and expenses.

Our supreme court gave short shrift to that argument, stating:

> We hold that DOR's act of contesting the heirs' claim to decedent's estate constitutes a "civil action brought by the state" within the meaning of A.R.S. § 12–348(A)(1), in which the prevailing party may be awarded attorneys' fees.

164 Ariz. at 500, 794 P.2d at 133. As part of its rationale for this holding, the court explained:

> Section 12–348 not only contains fewer restrictions on fee awards against the state than does its federal counterpart, but Arizona courts have construed our statute to mandate awards to all parties prevailing against the state, absent an affirmative statutory prohibition. *See Cortaro [Water Users' Ass'n v. Steiner],* 148 Ariz. [314,] 317, 714 P.2d [807,] 810 [ (1986) ] ("So long as the litigation falls within one of the categories of subsection A and is not excluded under subsection G an award of fees is proper").

*Id.* at 501, 794 P.2d at 134.

The taxpayer here prevailed against the city in an action "challenging the assessment or collection of taxes." A.R.S. § 12–348(B). Subsection (H) (formerly (G)) of section 12–348 does not contain any prohibition against an award of fees in this context. We decline to create one by adopting the city's narrow interpretation that would result in conditioning an award on the unpredictable happenstance of the identity of the plaintiff at the tax court level. Rather, in view of the legislative history of section 12–348(B) and the 1990 amendments, and consistent with the interpretive approach exemplified by *Estate of Walton,* we hold that A.R.S. section 12–348(B) authorizes an award of fees and expenses to a prevailing taxpayer regardless of which party initiated the action in the tax court.

## 2. Fees for Legal Services at Administrative Level

The question remains whether an award under section 12–348(B) may properly include legal services rendered in connection with administrative as well as judicial proceedings. Relying on older decisions of this court, the taxpayer argues that such an award is permitted. In our opinion, however, certain definitional language of section 12–348, together with the 1990 amending scheme, clearly implies that such an award is prohibited.

The general purpose of section 12–348 is to authorize the tax court to award "fees and other expenses." This phrase is specifically defined in subsection (I)(1) of section 12–348 and provides:

> I. As used in this section:
>
> 1. "Fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test or project which is found by the court to be necessary for the preparation of the party's case and reasonable and necessary attorney fees, **and in the case of an action to review an agency decision pursuant to subsection A, paragraph 2 of this section, all such fees and other expenses incurred in the contested case proceedings in which the decision was rendered.**

(Emphasis added.) Thus "fees and other expenses" may include fees and expenses incurred in contested administrative proceedings only when the action is brought under subsection (A)(2), the provision of section 12–348 dealing with a "court proceeding to review a state agency decision, pursuant to chapter 7, article 6 of this title [A.R.S. §§ 12–901, *et seq.*], or any other statute authorizing judicial review of agency decisions."

Before the legislature amended section 12–348 in 1990, taxpayers sought to bring their action pursuant to former subsection (A)(3)

(now (A)(2), quoted above and not changed in 1990), since under this provision, they could recover fees and expenses for the administrative as well as the judicial proceedings. They argued, with respect to tax actions, that former subsection (A)(3) (now (A)(2)) was concurrently applicable with former subsection (A)(2) (now (B)). On two occasions in the property tax valuation context, this court agreed. *See Inspiration Consolidated Copper Co. v. Arizona Dep't of Revenue*, 147 Ariz. 216, 232, 709 P.2d 573, 579 (App.1985) ("The provisions of subsections (A)(2) and (A)(3) of the statute are unambiguous and directly applicable to property tax valuation issues"); *Stewart Title & Trust v. Pima County*, 156 Ariz. 236, 244, 751 P.2d 552, 560 (App.1987).[4]

The 1990 amendments, however, have undermined whatever viability these prior decisions may have had. Through those amendments, the legislature plainly intended to give entirely different treatment to fee awards under the two subsections. The criteria and limitations for fee awards under section 12–348(B) now differ in almost every respect from those applicable to fee awards under section 12–348(A). Accordingly, it is now not plausible, if it ever was, to treat subsection (A)(2) as concurrently applicable with subsection (B) to tax court matters.

As DOR points out, two provisions recently added by the legislature bolster this conclusion. In 1994, A.R.S. sections 12–348.01 and 42–139.14 were added dealing with awards in administrative proceedings. 1994 Ariz.Sess. Laws Ch. 281, § 1 and Ch. 375, § 8. Both allow awards of attorneys' fees in certain state administrative proceedings, but only where the opposing state agency's position "was not substantially justified"[5] or the agency's action "constituted harassment or was not substantially justified."[6] If the legislature had intended in 1990 to preserve the prior judicial interpretations that permitted an award in tax cases of fees incurred at the administrative level, the adoption of these new provisions permitting but circumscribing such awards would have been unnecessary.[7]

We find that the taxpayer's principal authorities, *Inspiration Consolidated Copper Co. v. Arizona Dep't of Revenue* and *Stewart Title & Trust v. Pima County*, are no longer binding or persuasive on the interpretation of section 12–348. Rather, we hold that section 12–348(B) does not authorize an award to a prevailing taxpayer of fees and expenses incurred at the administrative level. The tax

---

4. *But see New Pueblo Constructors, Inc. v. State*, 144 Ariz. 95, 696 P.2d 185 (1985). In narrowly interpreting pre–1990 A.R.S. § 12–348(A)(3) as inapplicable to an action for *de novo* judicial determination following administrative presentation of a claim, the supreme court stated:

> There is ... evidence in the legislative history of the statute that indicates legislative concern with the broad sweep of A.R.S. § 12–348. As the bill passed the Arizona House of Representatives, there was to be recovery for fees and expenses to:
>
> > Any party other than this state which substantially prevails in a civil action in which this state is a party, including *any court proceeding to review an agency action or decision*. [Emphasis added in original opinion.] H.B. 2229, 35th Leg., 1st Reg. Sess., 1981 Arizona Laws.
>
> The above-quoted language is considerably broader than the language added in the Arizona Senate, A.R.S. § 12–348(A)(1)–(6), which replaced it in the final legislation. The Senate also added all the exclusions found in A.R.S. § 12–348(G)(1)–(9). It may be that NPC [the claimant] would have been entitled to recover in this case if the underlined phrase in the above quote had become the law. But A.R.S. § 12–348(A)(3), which replaced this clause in the final legislation, is considerably narrower and less vague.

> We are aware that NPC suffered increased delay and expense in submitting its claim to a three-tiered ladder of administrative proceedings. We are also aware, however, that the Arizona Legislature believed that parties should bear their own expenses in administrative proceedings. A provision in H.B. 2229 for compensation of expenses incurred in administrative proceedings, comparable to a provision in the Equal Access to Justice Act, 5 U.S.C. § 504, was eliminated in the Arizona Senate before the bill was enacted into law.

144 Ariz. at 110, 696 P.2d at 200.

5. A.R.S. § 42–139.14(A) (discretionary).

6. A.R.S. § 12–348.01 (mandatory).

7. This is particularly true as to § 42–139.14(A) which involves actions "in connection with an assessment, determination, collection or refund of any tax listed in section 42–411." Section 42–111 introduces Article 2, Chapter 1, of Title 42 and deals with a number of different taxes, including without limitation, income, transaction privilege, estate and various excise taxes.

court erred by including such fees and expenses in its award.

## CONCLUSION

Based on the foregoing, the judgment of the tax court is affirmed in part, reversed in part, and remanded with directions to modify the taxpayer's award under A.R.S. section 12–348(B) to delete any fees and other expenses incurred in the administrative process.

FIDEL, P.J., and LANKFORD, J., concur.