935 P.2d 923

**CYPRUS BAGDAD COPPER CORPORATION, a Delaware Corporation, Plaintiff–Appellant,**

v.

**ARIZONA DEPARTMENT OF REVENUE and Yavapai County, Defendants–Appellees.**

No. 1 CA–TX 96–0006.

Court of Appeals of Arizona, Division 1, Department T.

Jan. 9, 1997.

Review and Cross-Petition for Review Denied April 29, 1997.

Fennemore Craig, P.C. by Paul J. Mooney, Kendis K. Muscheid, Phoenix, for Plaintiff–Appellant.

Grant Woods, Attorney General by Michael F. Kempner, Assistant Attorney General, Tax Division, Phoenix, for Defendants–Appellees.

**OPINION**

TOCI, Judge.

Cyprus Bagdad Copper Corporation ("Cyprus") prevailed after trial in a property tax valuation matter. Cyprus requested "fees and other expenses" pursuant to Ariz.Rev. Stat. Ann. ("A.R.S.") section 12–348 (1990).[1] The tax court ruled that Cyprus was not eligible for an award pursuant to subsection (A) of that statute but was only eligible for one pursuant to subsection (B). The tax court further ruled that the $20,000 cap in section 12–348(E)(5) on subsection (B) awards applied not only to attorney's fees

but to all other awardable expenses and taxable costs.

The tax court accordingly entered an order awarding Cyprus "a total of $20,000 for its fees, expenses and costs." Cyprus timely appealed. We have jurisdiction pursuant to A.R.S. section 12–2101(C). The appeal is assigned to Department T of this court pursuant to A.R.S. sections 12–120.04(G) and 12–170(C).

On appeal, Cyprus contends that the tax court erred in (1) failing to award taxable costs apart from and in addition to attorney's fees and other expenses under A.R.S. section 12–348; (2) interpreting section 12–348 as subjecting its "other expenses" to the $20,-000 cap in section 12–348(E)(5); (3) failing to also award the attorney's fees and other expenses Cyprus had incurred during the administrative proceedings; and (4) failing to award attorney's fees and other expenses without regard to the $20,000 cap in section 12–348(E)(5) on the theory that by filing a counterclaim for an increase in the valuation approved in the administrative process, the Arizona Department of Revenue ("DOR") effectively commenced a civil action against Cyprus within the meaning of A.R.S. section 12–348(A)(1).

Our opinions in *City of Phoenix v. Paper Distributors of Arizona, Inc.*, 186 Ariz. 564,

---

1. A.R.S. § 12–348 provides in pertinent part:

   A. In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party other than this state or a city, town or county which prevails by an adjudication on the merits in any of the following:

   1. A civil action brought by the state or a city, town or county against the party.

   2. A court proceeding to review a state agency decision, pursuant to chapter 7, article 6 of this title [A.R.S. §§ 12–901 *et seq.*], or any other statute authorizing judicial review of agency decisions.

   . . . .

   B. In addition to any costs which are awarded as prescribed by statute, a court may award fees and other expenses to any party, other than this state or a city, town or county, which prevails by an adjudication on the merits in an action brought by the party against this state, a city or town or county challenging the assessment or collection of taxes.

   . . . .

   E. The court shall base any award of fees as provided in this section on prevailing market

   rates for the kind and quality of the services furnished, except that:

   . . . .

   2. Except for awards made pursuant to subsection B, the award of attorney fees may not exceed the amount which the prevailing party has paid or has agreed to pay the attorney or a maximum amount of seventy-five dollars per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee.

   3. For awards made pursuant to subsection B, the award of attorney fees may not exceed the amount which the prevailing party has paid or agreed to pay the attorney or a maximum amount of one hundred dollars per hour.

   4. Except for awards made pursuant to subsection B, an award of fees against a city, town or county as provided in this section shall not exceed ten thousand dollars.

   5. For awards made pursuant to subsection B, such awards of fees against the state or a city, town or county shall not exceed twenty thousand dollars.

925 P.2d 705 (App.1996), and *SMP II Limited Partnership v. Arizona Department of Revenue*, 188 Ariz. 320, 935 P.2d 898 (App. 1996), expressly or implicitly determine all issues but the first. We now address that issue and conclude that taxable costs are not subject to the $20,000 cap in A.R.S. section 12–348(E)(5). We resolve the remainder in accordance with *Paper Distributors* and *SMP II Limited Partnership*.

## A.  Separate Award of Taxable Costs

■ A.R.S. section 12–341 provides, "The successful party to a civil action shall recover from his adversary all costs[2] expended or incurred therein unless otherwise provided by law." (Footnote added.)  An award of "fees and other expenses" is "[i]n addition to any costs which are awarded as prescribed by statute."  A.R.S. § 12–348(A)(1), (A)(2), and (B).  Thus, section 12–341 entitled Cyprus to an award of taxable costs in addition to any amount awarded pursuant to section 12–348.  The $20,000 cap imposed by section 12–348(E)(5) on awards of "fees and other expenses" under subsection (B) did not apply to the taxpayer's award of taxable costs pursuant to section 12–341.  The tax court erred in ruling otherwise.

DOR conceded that Cyprus is entitled to an award of taxable costs, but the parties dispute whether the cost of the transcript of the hearing before the Board of Tax Appeals is covered.  For the reasons discussed in Section C.1 of this opinion, the cost of the transcript in the administrative proceeding is not a recoverable cost.  The parties also dispute whether particular items that Cyprus claimed as taxable costs were properly awardable as such.  Because the tax court apparently concluded that the sums Cyprus claimed as taxable costs were limited by the $20,000 cap, it did not separately rule on the statement of costs and DOR's objections.

We leave this determination to the tax court on remand.

## B.  Applicability of $20,000 Cap to "Other Expenses"

■ Cyprus argues that the tax court erred in subjecting its claimed reimbursement for expert witness fees to the $20,000 cap on awards pursuant to A.R.S. section 12–348(B).  We agree.  We recently interpreted section 12–348(E)(5) as applicable only to the attorney's fees component of an award under section 12–348.  *SMP II Ltd. Partnership*, 188 Ariz. at 327, 935 P.2d at 905.

The parties contest whether certain costs that Cyprus sought qualified as "other expenses" under A.R.S. section 12–348(I)(1).[3]  The tax court evidently viewed its ruling on the scope of the $20,000 cap as obviating the consideration of DOR's objections to particular costs claimed by Cyprus.  We leave the determination of those objections to the tax court on remand.

## C.  Availability of Separate Awards Under A.R.S. § 12–348(A)

Cyprus contends that in addition to an award of "fees and other expenses" pursuant to A.R.S. section 12–348(B), it was entitled to separate, additional awards pursuant to A.R.S. section 12–348(A)(1) and (2).

### 1.  Administrative Appeals Process– A.R.S. § 12–348(A)(2)

■ Cyprus asserts that the tax court proceeding from which this appeal is taken was one "to review a state agency decision" within the meaning of A.R.S. section 12–348(A)(2).  According to Cyprus, the tax court was therefore required to apply that statute and to include within its award the attorney's fees and other expenses "incurred in the contested case proceedings in which

---

2.  "Costs" in the superior court are defined and limited by A.R.S. §§ 12–332 and 12–333.

3.  A.R.S. § 12–348(I)(1) (1992) provides:
   "Fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test or project which is found by the court

to be necessary for the preparation of the party's case and reasonable and necessary attorney fees, and in the case of an action to review an agency decision pursuant to subsection A, paragraph 2 of this section, all such fees and other expenses incurred in the contested case proceedings in which the decision was rendered.

the decision was rendered" as provided by A.R.S. section 12–348(I)(1).

We resolved this issue against Cyprus' position in *Paper Distributors.* We concluded from the scope and nature of the 1990 amendments to A.R.S. section 12–348(B), (E)(3) and (E)(5)[4] that the legislature intended "to prescribe a uniform standard for fee awards which was to exclusively apply to all tax cases." *Paper Distributors,* 186 Ariz. at 566, 925 P.2d at 707. We disapproved *Inspiration Consolidated Copper Co. v. Arizona Department of Revenue,* 147 Ariz. 216, 231–32, 709 P.2d 573, 588–89 (App.1985), and *Stewart Title & Trust v. Pima County,* 156 Ariz. 236, 244, 751 P.2d 552, 560 (App.1987), both property tax cases which had held that the pre-amendment predecessors of A.R.S. section 12–348(A)(2) and (B) were concurrently applicable in tax actions. *Paper Distributors,* 186 Ariz. at 568, 925 P.2d at 709. We concluded from the 1990 amendments that the legislature "plainly intended to give entirely different treatment to fees awards under the two subsections. The criteria and limitations for fees awards under section 12–348(B) now differ in almost every respect from those applicable to fees awards under section 12–348(A)." We refused to treat subsection (A)(2) as concurrently applicable with subsection (B) to tax court cases.

We also found that the legislature had recently adopted A.R.S. sections 12–348.01 and 42–139.14 which allow awards of attorney's fees in administrative proceedings if the agency's position "was not substantially justified" or its action "constituted harassment or was not substantially justified." *See* 1994 Ariz. Sess. Laws Ch. 281, § 1; Ch. 375, § 8. "If the legislature had intended in 1990 to preserve the prior judicial interpretations that permitted an award in tax cases of fees incurred at the administrative level, the adoption of these new provisions permitting but circumscribing such awards would have been unnecessary." *Paper Distributors,* 186 Ariz. at 568, 925 P.2d at 709 (footnote omitted).

We filed our opinion in *Paper Distributors* several weeks after Cyprus filed its opening brief in this case. In its reply brief, Cyprus

distinguishes *Paper Distributors* as an excise tax case and argues for a different result in property tax cases. Nothing in A.R.S. section 12–348, however, suggests that the legislature intended to treat property tax cases differently than other tax matters. Moreover, neither of the pre–1990 decisions that we disapproved in *Paper Distributors* accorded any significance to the fact that each case involved property tax issues. Rather, those cases focused on interpreting the language of A.R.S. section 12–348. The central issue in *Paper Distributors* was the 1990 revision of section 12–348.

Cyprus' essential contention is that *Paper Distributors'* analysis and result run contrary to the legislative purpose of ameliorating the economic disincentives that deter private challenges to governmental action. Cyprus suggests that the 1990 amendments to A.R.S. section 12–348 demonstrate an intention that fee awards be mandatory when a taxpayer prevails at the administrative level and incurs the additional expense of defending in the tax court as provided in A.R.S. section 12–348(A). When the taxing authority prevails at the administrative level and the taxpayer pursues a further challenge in the tax court, however, Cyprus argues that the legislature intended that fee awards be discretionary, as in A.R.S. section 12–348(B).

We are unconvinced. Cyprus offers no explanation for the legislature's deliberate decision to create a discrete procedure within A.R.S. section 12–348(B) applicable by its terms only to tax litigation. *See* A.R.S. section 12–348(E)(2) through (E)(5). Further, Cyprus' proffered explanation of the 1990 amendments depends on two premises we do not accept: one, that the taxpayer who prevails at the administrative level will have spent more in prosecuting those proceedings against the state than the taxpayer who loses at that level, and two, that the taxpayer who succeeds at the administrative level and in the tax court deserves a mandatory award of fees and expenses incurred in both proceedings without limitation, while the taxpayer who loses at the administrative level but prevails in the tax court can only hope for a

4. *See* footnote 1, above.

discretionary award of fees and expenses incurred in the tax court proceedings not exceeding $20,000.

Cyprus' interpretation also fails to respond to our question in *Paper Distributors* of why the legislature "would have designed a system specifically for tax cases, only to condition its applicability on the fortuitous circumstance of who prevailed at the administrative level." 186 Ariz. at 566, 925 P.2d at 707. Moreover, it does not take account of the supreme court's strong intimation in *New Pueblo Constructors, Inc. v. State*, 144 Ariz. 95, 696 P.2d 185 (1985), that the predecessor of A.R.S. section 12–348(A)(2) applied only in superior court proceedings under the Administrative Review Act, A.R.S. sections 12–901 *et seq.*, and in other statutory proceedings in which the superior court considers the correctness of an agency decision under a limited standard of review. 144 Ariz. at 110, 696 P.2d at 200; *see Paper Distributors*, 186 Ariz. at 568 n.4, 925 P.2d at 709 n. 4. Tax court proceedings do not fall within the latter category; they are *de novo* in all cases, including those that concern property taxes. *See* A.R.S. §§ 42–124, 42–125, 42–178 (Supp. 1996).

Therefore, A.R.S. section 12–348(A)(2) did not apply in this action. The tax court properly denied an award of fees and other expenses incurred in the administrative proceedings.

### 2. DOR's Counterclaim–A.R.S. § 12–348(A)(1)

■ Cyprus next contends that DOR's assertion of a counterclaim for an increase in the valuation approved by the State Board of Tax Appeals took this case out of A.R.S. section 12–348(B) and rendered it equivalent to a "civil action brought by the state ... against the party" within A.R.S. section 12–348(A)(1). Cyprus argues that it therefore deserves a mandatory award of fees and other expenses not subject to the $20,000 cap in section 12–348(E)(5). *See* A.R.S. § 12–348(E)(4) ($10,000 cap does not apply in action brought by state).

For the reasons discussed above, *Paper Distributors* undermines this position. There we held that A.R.S. section 12–348(B)

applied in tax litigation exclusively, without regard to which party commenced the tax court proceedings. We said: "[I]t is obvious that the legislature desired that fee awards in tax cases be *discretionary* and ... clearly designed subsection (B) expressly for tax cases." 186 Ariz. at 566, 925 P.2d at 707.

*Estate of Walton*, 164 Ariz. 498, 794 P.2d 131 (1990), does not mandate a contrary result. *Walton* was not a tax case, and thus A.R.S. section 12–348(A)(1) was the only possible basis for an attorney's fee award to the successful plaintiffs. 164 Ariz. at 501, 794 P.2d at 134. The issue was whether subsection (A)(1) applied where DOR had not commenced the litigation but had intervened to contest a petition for adjudication of heirship. *Id.* at 500, 794 P.2d at 133. The court held DOR's act of contesting the heirship claim was sufficient to constitute a "civil action brought by the state" within A.R.S. section 12–348(A)(1). *Id.* Contrary to Cyprus' argument, *Walton* does not hold that A.R.S. section 12–348(A)(1) supersedes or supplements section 12–348(B) whenever the taxing authority happens to be the party who appeals to, or seeks affirmative relief, in the tax court.

In conclusion, we decline to reexamine *Paper Distributors* or to hold it inapplicable in property tax litigation. We affirm the judgment in part, reverse in part, and remand this matter to the tax court for further proceedings consistent with this opinion.

GARBARINO, P.J., and GERBER, J., concur.