4 P.3d 1018

**SOUTHWEST AIRLINES COMPANY,**
a foreign corporation, Plaintiff–
Appellee,

v.

**ARIZONA DEPARTMENT OF REV-
ENUE and Maricopa County,**
Defendants–Appellants.

No. 1 CA–TX 99–0005.

Court of Appeals of Arizona,
Division 1, Department T.

April 4, 2000.

Janet Napolitano, Attorney General by Frank Boucek, III, Assistant Attorney General, Phoenix, for Appellant Arizona Department of Revenue.

Helm & Kyle, Ltd. by John D. Helm, Roberta S. Livesay, Lorrie L. Luellig, Tempe, for Appellant Maricopa County.

Fennemore Craig, P.C. by Paul J. Mooney, Kendis K. Muscheid, Phoenix, for Appellee.

## OPINION

NOYES, Presiding Judge.

¶ 1 Arizona Revised Statutes Annotated ("A.R.S.") section 12–348 (Supp.1999) authorizes a court to award attorneys' fees to a taxpayer who prevails on the merits in an action challenging the assessment or collection of taxes. Section 12–348(E)(5) provides that "an award of fees against the state or a city, town or county shall not exceed twenty thousand dollars." [1] In this case, the court of appeals awarded the taxpayer $20,000 in attorneys' fees, and later the tax court did the same thing, for a total award of $40,000. The tax court reasoned that the second award was proper because trial court and appellate proceedings were separate actions. We disagree. We conclude that, because all court proceedings in a case are part of the same action, the court of appeals awarded the taxpayer all the attorneys' fees that were authorized by section 12–348 to be awarded in this action. We therefore reverse the tax court's award of attorneys' fees.

¶ 2 When these parties were first in the tax court, the taxpayer, Southwest Airlines Co. ("Southwest"), was awarded no attorneys' fees because the taxing authorities, Maricopa County ("the County") and the Arizona Department of Revenue ("ADOR"), were the prevailing parties. Southwest then appealed, and it became the prevailing party when we reversed and remanded with directions to grant relief to Southwest. *See Cutter Aviation, Inc. [and Southwest Airlines Co.] v. Arizona Dep't of Revenue,* 191 Ariz. 485, 499, 958 P.2d 1, 15 (1997). We also awarded Southwest $20,000 for attorneys' fees. Southwest then applied to the tax court for a second $20,000 award of attorneys' fees. A fee award in this case is autho-

rized only to the extent permitted by section 12–348, which provides as follows:

B. In addition to any costs which are awarded as prescribed by statute, a court may award fees and other expenses to any party, other than this state or a city, town or county, which prevails by an adjudication on the merits in an action brought by the party against this state or a city, town or county challenging the assessment or collection of taxes.

. . . .

E. The court shall base any award of fees as provided in this section on prevailing market rates for the kind and quality of the services furnished, except that:

. . . .

5. For awards made pursuant to subsection B of this section, an award of fees against the state or a city, town or county shall not exceed twenty thousand dollars.

¶ 3 The County argued that the court of appeals' award of $20,000 was the maximum authorized by section 12–348. The tax court disagreed and awarded Southwest another $20,000. The County and ADOR appealed from the resulting judgment. Our jurisdiction is pursuant to A.R.S. section 12–2101(C) (1994).

¶ 4 The principal goal in interpreting a statute is to determine and give effect to legislative intent. In doing so we may consider the context of the statute, its language, its subject matter, the historical background, the effects and consequences, and the spirit and purpose of the law. *See Martin v. Martin,* 156 Ariz. 452, 457, 752 P.2d 1038, 1043 (1988). We are to give the words of a statute their usual and commonly understood meaning unless a different meaning was plainly intended. *See Life Investors Ins. Co. of Am. v. Horizon Resources Bethany, Ltd.,* 182 Ariz. 529, 531, 898 P.2d 478, 480 (1995). Arizona Revised Statutes Annotated section 1–213 (1995) provides in part: "Technical words and phrases and those which have acquired a peculiar and appropriate meaning in the law shall be construed ac-

---

1. Former A.R.S. section 12–348(E)(5) provided that "such awards of fees . . . shall not exceed twenty thousand dollars."

cording to such peculiar and appropriate meaning."

¶ 5 In explaining its award, the tax court reasoned that "the trial court and appellate court proceedings are separate 'actions,' and therefore, Plaintiff is entitled to a separate award of $20,000 in attorneys' fees incurred at the trial court phase of the proceedings." The tax court also noted that "the Court of Appeals held in *Stewart Title & Trust of Tucson v. Pima County,* that the statutory limit applies independently to awards in the trial court and the Court of Appeals. 156 Ariz. 236, 245, 751 P.2d 552 (1987)." We respectfully disagree with both the tax court and *Stewart Title* on this issue.

¶ 6 We agree, however, that section 12–348 manifests a legislative intent to reduce the economic deterrent to tax litigation against the government. The legislature expressed its intention in 1981 Arizona Session Laws, chapter 208, section 1, as follows:

> A. The legislature finds that certain individuals, partnerships, corporations and labor or other organizations may be deterred from seeking review of or defending against unreasonable governmental action because of the expense involved in securing the vindication of their rights. The economic deterrents to contesting governmental action are magnified in these cases by the disparity between the resources and expertise of these individuals and their government.
>
> B. The purpose of this section [12–348] is to reduce the deterrents and the disparity by entitling prevailing parties to recover an award of reasonable attorney fees, expert witness fees and other costs against the state.

In *New Pueblo Constructors, Inc. v. State,* 144 Ariz. 95, 112, 696 P.2d 185, 202 (1985), the supreme court characterized these provisions as "the express legislative findings and purpose of A.R.S. § 12–348 to encourage individuals and smaller businesses aggrieved by governmental action to assert their rights." Understanding the legislature's general intention in section 12–348 does not, however, answer the precise question before us, which turns on the legislature's intention regarding the word "action" in section 12–348. Because the legislature did not define

that word, we will find and apply the common meaning of that word, when used in the reference to litigation and court proceedings.

¶ 7 We initially observe that "[a] civil action is commenced by filing a complaint with the court." Ariz. R. Civ. P. 3. In the common parlance of lawyers and the law, the word "action" refers to the entire judicial process of dispute resolution, from invocation of the courts' jurisdiction to entry of a final judgment that is not subject to further appeal. *See Snyder v. Buck,* 340 U.S. 15, 20, 71 S.Ct. 93, 95 L.Ed. 15 (1950) ("[A]n action is nonetheless pending within the meaning of [section 11 of the Judiciary Act of 1925] though an appeal is being sought."); *Anderson v. Schloesser,* 153 Cal. 219, 94 P. 885, 887 (1908) (stating that an action is pending until a final determination on appeal exists or until the time for appeal has passed); *Davis v. Fidelity & Deposit Co.,* 93 Cal.App.2d 13, 208 P.2d 414, 416 (1949) ("A judgment by a trial court from which an appeal has been perfected is not a final determination of the action."); *Pennsylvania Ins. Guar. Ass'n v. Sikes,* 590 So.2d 1051, 1052 (Fla.Dist.Ct.App.1991) ("An appeal is not a new action; it is a continuation of the original proceeding."); *In re Lee's Estate,* 240 Iowa 691, 37 N.W.2d 296, 298 (1949) ("An appeal ... is not the commencement of a new proceeding but a continuation of the original suit or a step therein.... [A]n action is pending until an appeal thereon is disposed of."); *State v. Tugwell,* 19 Wash. 238, 52 P. 1056, 1063 (1898) (stating that an action is pending until a court's judgment is fully certified). Accordingly, some actions are concluded after proceedings in the trial court, and other actions are concluded after completion of proceedings in one or more appellate courts. The successive court proceedings are not separate actions, however; they are distinct stages in the processing of the same "action."

¶ 8 Under Southwest's "separate action" argument, a taxpayer who prevailed in the tax court but lost on appeal could retain fees awarded in the tax court, even though the government ultimately prevailed in the litigation. That proposition makes no sense and is contrary to well-established law. *See*

*Estate of Bohn v. Scott,* 185 Ariz. 284, 291, 915 P.2d 1239, 1246 (1996) (stating that pre-appeal award of attorneys' fees to taxpayer under section 12–348(B) and (E)(5) is "swept away" by reversal of underlying judgment on appeal). *Cf. Taylor v. Arizona Law Enforcement Merit Sys. Council,* 152 Ariz. 200, 209, 731 P.2d 95, 104 (1986) (concluding that reversal disqualifies plaintiff as "prevailing party" under section 12–348(A)(3)).

¶ 9 Southwest relies heavily on *Stewart Title & Trust of Tucson v. Pima County,* 156 Ariz. 236, 751 P.2d 552 (1987), *overruled in part on other grounds by City of Phoenix v. Paper Distributors of Arizona, Inc.,* 186 Ariz. 564, 568, 925 P.2d 705, 709 (1996), which has not been overruled on the point that Southwest asserts supports its position. Southwest argues that, because section 12–348 was amended two times after *Stewart Title* was decided, and because neither amendment nullified *Stewart Title,* the legislature must have accepted the case as consistent with its intent. Southwest urges us to follow *Stewart Title*'s interpretation of section 12–348.

¶ 10 Southwest refers to the following "holding" of *Stewart Title:*

> Appellees seek a separate award of attorneys' fees in this appeal which they suggest be independently subject to the statutory limitation of $10,000 per award provided in A.R.S. § 12–348(D)(3).[2] We agree. Moreover, the $10,000 limitation applies only to awards against the county, not the state.[3] Appellees are awarded their fees and costs on appeal upon compliance with Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

156 Ariz. at 245, 751 P.2d at 561. Southwest relies on the first two sentences of the above-quoted passage. However, because both the State and Pima County were liable for attorneys' fees in that case, and because the statutes then in effect did not cap the State's liability for attorneys' fees, the sentence after "We agree" deprives the preceding sentence of much value on the point for which it is cited by Southwest. Furthermore, *Stewart Title* does not discuss whether the total of all attorneys' fee awards to the taxpayer would have exceeded $10,000. Given *Stewart Title's* peculiar facts and conclusory discussion, the absence of legislative effort to nullify the case cannot reasonably be construed as legislative agreement with Southwest's interpretation of section 12–348. To the extent that *Stewart Title* supports Southwest's argument, we disagree with both the opinion and the argument.

¶ 11 Southwest also asks us to take judicial notice of some unpublished attorneys' fee decisions of this court and the supreme court that support Southwest's interpretation of section 12–348(E). In reply, the County asks us to either strike Southwest's reference to unpublished decisions or to consider some unpublished decisions that the County cites in support of its interpretation of the statute. We grant the motion to strike, and we do not consider the unpublished decisions cited by either party. Arizona Rule of Civil Appellate Procedure 28(c) provides as follows:

> Memorandum decisions shall not be regarded as precedent nor cited in any court except for (1) the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case, or (2) informing the appellate court of other memorandum decisions so that the court can decide whether to publish an opinion, grant a motion for reconsideration, or grant a petition for review.

¶ 12 The parties' citations to unpublished decisions do inform this court of conflicting decisions and, hence, of the arguable need for a published opinion, but the parties are using those unpublished decisions mainly as support for the merits of their respective positions, a use that is plainly prohibited by Rule 28(c).

¶ 13 In conclusion, because another court awarded Southwest the maximum amount of attorneys' fees authorized by A.R.S. section

---

2. Now A.R.S. section 12–348(E)(5) (Supp.1999). Former A.R.S. section 12–348(D)(3) (Supp.1985) set forth the applicable attorneys' fee award limitation for tax and non-tax cases alike. *See generally Paper Distributors,* 186 Ariz. at 568, 925 P.2d at 709.

3. The 1990 Arizona Session Laws, chapter 360, section 1, amended A.R.S. section 12–348 to increase the fee award limitation to $20,000 and extend the limitation to claims against the state.

12–348(E)(5) in this action, the tax court judgment awarding additional attorneys' fees to Southwest is reversed.

CONCURRING: PHILIP E. TOCI, Judge, and REBECCA WHITE BERCH, Judge.