279 P.3d 631

**Frances KIMICATA, Plaintiff/Appellant,**

v.

**Kate McGEE, Defendant/Appellee.**

**No. 1 CA–CV 11–0460.**

Court of Appeals of Arizona,
Division 1, Department B.

May 10, 2012.

The Rosacci Law Firm, P.C. By Antonio M. Rosacci, Phoenix, Attorneys for Plaintiff/Appellant.

Tiffany & Bosco, P.A. By Alexander Poulos, and Sean P. St. Clair, Phoenix, Attorneys for Defendant/Appellee.

NORRIS, Judge.

¶ 1 Plaintiff/Appellant Frances Kimicata timely appeals from a judgment awarding attorneys' fees to Defendant/Appellee Kate McGee under Arizona Revised Statutes ("A.R.S.") section 12–1809(N) (Supp. 2011).[1] We hold this statute authorizes an award of attorneys' fees following a hearing to modify, quash, or continue an injunction under A.R.S. § 12–1809(H). Accordingly, we affirm the award of attorneys' fees.

**FACTS AND PROCEDURAL BACKGROUND**

¶ 2 In February 2011, Kimicata and McGee obtained separate ex-parte injunctions

---

1. Although the Arizona Legislature amended certain subsections of the statute cited in this decision after the date the parties filed their petitions for injunctions against harassment, the revisions are immaterial. Thus, we cite to the current version of the statute.

against each other prohibiting harassment. McGee requested a hearing pursuant to A.R.S. § 12–1809(H) to quash Kimicata's injunction. At the hearing, the superior court quashed Kimicata's injunction but kept McGee's injunction against Kimicata in place.

¶ 3 As relevant here, in May 2011, McGee moved for attorneys' fees under A.R.S. § 12–1809(N). Over Kimicata's written objection, but without holding a hearing or making specific findings, the superior court awarded McGee $16,316 in attorneys' fees.

## DISCUSSION

¶ 4 Kimicata argues the superior court should not have awarded McGee attorneys' fees under A.R.S. § 12–1809(N) because that provision only authorizes a court to award fees in an "enforcement" action, that is, after a hearing to determine whether a party violated an existing injunction against harassment. Applying de novo review, we disagree. The wording of A.R.S. § 12–1809(N) does not support Kimicata's argument.

¶ 5 Section 12–1809(N) states:

The remedies provided in this section for *enforcement of the orders of the court* are in addition to any other civil and criminal remedies available. The municipal court and the justice court may hear and decide all matters arising pursuant to this section. After a hearing with notice to the affected party, the court may enter an order requiring any party to pay the costs of the action, including reasonable attorney fees, if any. An order that is entered by a justice court or municipal court after a hearing pursuant to this section may be appealed to the superior court as provided in title 22, chapter 2, article 4, § 22–425, subsection B and the superior court rules of civil appellate procedure without regard to an amount in controversy. No fee may be charged to either party for filing an appeal.

(Emphasis added.) (Footnote omitted.)

¶ 6 On its face, subsection N addresses a number of unrelated matters: (1) remedies, (2) jurisdiction, (3) appeal rights, and (4) attorneys' fees. Contrary to Kimicata's argument, the first sentence of subsection N that generally deals with remedies does not constrain the third sentence in subsection N authorizing attorneys' fees. And, the attorneys' fees sentence is not tied to any of the other sentences in subsection N and is a stand-alone provision. On its face, thus, the third sentence of subsection N is not restricted or limited to "enforcement" actions and would apply to proceedings to modify, quash, or continue an injunction under A.R.S. § 12–1809(H).

¶ 7 Further, subsection N states the court may require a party to pay the costs of "the action," including reasonable attorneys' fees, if any. As we have explained in other contexts, "the word 'action' refers to the entire judicial process of dispute resolution, from invocation of the courts' jurisdiction to entry of a final judgment that is not subject to further appeal." *Sw. Airlines Co. v. Ariz. Dep't of Revenue*, 197 Ariz. 475, 477, ¶ 7, 4 P.3d 1018, 1020 (App. 2000) (citations omitted); *see also Brush Wellman, Inc. v. Lee*, 196 Ariz. 344, 349, ¶¶ 8, 17, 996 P.2d 1248, 1253 (App. 2000) (party in civil case not entitled to second peremptory change of judge after case reversed and remanded because entire case constitutes one "action"). The generally accepted meaning given to the word "action" supports our holding the superior court may award attorneys' fees following a hearing to modify, quash, or continue an injunction.

¶ 8 Kimicata also argues that before awarding McGee fees, the superior court was required to hold a separate hearing on McGee's request. *See* A.R.S. § 12–1809(N) ("*After a hearing* with notice to the affected party, the court may enter an order requiring any party to pay the costs of the action, including reasonable attorney fees, if any.") (emphasis added).

¶ 9 Although we agree A.R.S. § 12–1809(N) authorizes a court to hold a hearing upon request, while Kimicata opposed McGee's fee request, she did not request a hearing. Consequently, she waived her right to a hearing. *See Campbell v. Chatwin*, 102 Ariz. 251, 258, 428 P.2d 108, 115 (1967) (party waived right to administrative hearing by failing to request one); *cf. State, ex rel.*

**8**

*Horne v. Campos,* 226 Ariz. 424, 429, ¶ 21, 250 P.3d 201, 206 (App. 2011) (citing cases) (party may waive right to object to adverse party's failure to comply with statutory, constitutional, and procedural requirements). Kimicata cites no authority requiring the superior court to sua sponte hold a hearing, and we find none.

¶ 10 Finally, citing Arizona Rule of Protective Order Procedure ("Rule") 2(C), Kimicata argues the superior court should have made factual findings to support its award of attorneys' fees. This Rule identifies certain non-exclusive factors a court should consider in deciding whether to award fees.[2] On its face, the Rule does not require a court to make any factual findings. Thus, the court was not obligated to make any findings in awarding fees.

¶ 11 Further, Kimicata waived this argument by failing to ask the superior court to make any factual findings either before or after it entered the fee award. *See Trantor v. Fredrikson,* 179 Ariz. 299, 300, 878 P.2d 657, 658 (1994) (citations omitted) ("[B]ecause a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal, absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal."); *see also In re Marriage of Pownall,* 197 Ariz. 577, 583, ¶ 27, 5 P.3d 911, 917 (App. 2000) (husband waived argument superior court improperly failed to make findings of fact regarding award of attorneys' fees because he did not raise the issue with the superior court).

## CONCLUSION

¶ 12 We affirm the superior court's award of attorneys' fees under A.R.S. § 12–1809(N), and pursuant to that statute, we grant McGee's request for attorneys' fees and costs on appeal subject to her compliance with Arizona Rule of Civil Appellate Procedure 21.

**2.** Rule 2(C) provides,
In determining whether to award costs and/or attorneys' fees, considerations include:
a. The merits of the claim or defense asserted by the unsuccessful party,

CONCURRING: DIANE M. JOHNSEN, Presiding Judge, and DONN KESSLER, Judge.

b. Whether the award would pose an extreme hardship to the unsuccessful party, and
c. Whether the award may deter others from making valid claims.