NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In Re the Marriage of:

MICHAEL A. ROBLEDO, *Petitioner/Appellee*,

*v.*

MOESHA ROBLEDO, *Respondent/Appellant*.

No. 1 CA-CV 24-0717 FC

FILED 04-29-2025

Appeal from the Superior Court in Yuma County
No. S1400PO202400555
The Honorable Nathaniel T. Sorenson, Judge

**AFFIRMED IN PART, VACATED IN PART**

COUNSEL

LiseLaw, LLC, Mesa
By Lise R. Witt
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge D. Steven Williams joined.

---

**P E R K I N S**, Judge:

¶1        Moesha Robledo appeals the superior court's continuance of an order of protection issued in favor of Michael Robledo, and the issuance of a Notice of Brady Indicator restricting her right to purchase or possess firearms. For the following reasons, we affirm the order of protection but vacate the Brady Indicator.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Michael and Moesha Robledo were married and lived together at Marine Corps Air Station Yuma, where Michael worked in aircraft maintenance. In July 2024, Moesha petitioned for divorce. Michael sought an order of protection against Moesha a few days after he was served with the divorce petition.

¶3        Michael alleged that Moesha: (1) systematically turned his family and friends against him; (2) cornered him daily to belittle and threaten him; (3) repeatedly appeared at his home unannounced; (4) trapped him in a bathroom for two hours despite him asking her to leave; (5) tracked his cell phone's location; (6) sexually assaulted him; (7) repeatedly contacted his commanding officers to jeopardize his career; (8) contacted him daily for weeks straight; (9) stalked him to a restaurant, a therapy appointment, and his barracks; (10) slapped him on two occasions; and (11) caused "random people" to harass him about their marital troubles. Michael did not allege that Moesha owned or carried a firearm or other weapons, and did not request a firearms restriction in his petition.

¶4        The superior court issued the order of protection *ex parte*. Moesha timely requested a hearing to challenge it.

¶5        At the hearing, Michael testified about each allegation set forth above. He introduced evidence of a disciplinary record from his employer to show how his problems with Moesha were affecting his work, and text messages between Moesha and one of the couple's mutual friends to demonstrate that she turned his friends against him. Moesha denied each

of Michael's allegations. She introduced evidence of text messages to support her assertion that communications between she and Michael were mutual and consensual, and call logs to support her testimony that she did not stalk Michael.

**¶6** The superior court found that Moesha had committed acts of domestic violence against Michael in the form of harassment and continued the order of protection. The court also issued a Notice of Brady Indicator under 18 U.S.C. § 922(g)(8) prohibiting Moesha from possessing a firearm.

**¶7** Moesha timely appealed and we have jurisdiction. A.R.S. §§ 12-2101(A)(1), 12-2101(A)(5)(b).

## DISCUSSION

**¶8** Moesha argues the superior court erred in upholding the order of protection because the evidence did not support a finding of domestic violence. Moesha also asserts the Brady Indicator was inappropriate because the superior court did not inquire about Moesha's use of or access to firearms, or find that Moesha posed a credible threat to Michael's safety.

**¶9** Michael did not file an answering brief in this appeal. When an appeal raises debatable issues unrelated to a child's best interests, we "will assume that the failure to file an answering brief is a confession of reversible error on the part of the appellee." *Tiller v. Tiller*, 98 Ariz. 156, 157 (1965); *see also Matter of Mayberry v. Stambaugh*, 1 CA-CV 23-0289 FC, 2024 WL 1282653, at *1–5, ¶¶ 5–20 (Ariz. App. Mar. 26, 2024) (Morse, J., concurring) (mem. decision). "Our courts have not established a definitive test for [what constitutes] a 'debatable issue.'" *Luna v. Peinado*, 1 CA-CV 23-0634 FC, 2024 WL 2207309, at *3, ¶ 17 (Ariz. App. May 16, 2024) (mem. decision). But generally, a debatable issue exists when (1) the opening brief claims error with supporting authority and it would "require much industry and independent research" to refute the appellant's position, *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915); (2) there is "at least grave doubt" about the superior court's order, *see Adkins v. Adkins*, 39 Ariz. 530, 531–32 (1932); or (3) when an appeal raises novel legal questions, *see Luna*, 2024 WL 2207309, at *3, ¶ 17 (collecting cases). "[A]n issue is not debatable when the record 'clearly' resolves the question raised." *Id.* (collecting cases).

**¶10** We address the merits of Moesha's arguments, applying confession of reversible error to any debatable issues.

## I.    Order of Protection

**¶11**        "We review an order of protection for an abuse of discretion." *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014). To issue an order of protection, a superior court must find "reasonable cause to believe . . . the defendant may commit an act of domestic violence," or that "the defendant has committed an act of domestic violence within the past year." A.R.S. § 13-3602(E). "For a protective order to remain in effect as originally issued . . . the plaintiff must prove the case by a preponderance of the evidence." Ariz. R. Prot. Order P. 38(g)(3).

**¶12**        Here, the superior court continued the order of protection based on its finding "that the plaintiff has met the burden of proving that some acts of domestic violence ha[d] occurred as alleged in his petition . . . specifically, the plaintiff has felt harassed by the defendant." "Domestic violence" under Section 13-3602(E) includes the statutory offense of harassment. A.R.S. § 13-3601(A). Because the superior court based its continuance of the order of protection on a finding of harassment, we do not address Michael's allegations relating to any other statutory offenses which may qualify as domestic violence under Section 13-3601(A).

**¶13**        "A person commits harassment if the person knowingly and repeatedly commits an act or acts that harass another person." A.R.S. § 13-2921(A). To "harass" is to direct conduct at a specific person "that would cause a reasonable person to be seriously alarmed, annoyed, humiliated, or mentally distressed and the conduct in fact seriously alarms, annoys, humiliates or mentally distresses the person." A.R.S. § 13-2921(E).

**¶14**        The evidence presented at the hearing was conflicting. Michael testified that Moesha tracked his location; Moesha testified that they shared locations with each other, and that Michael could have disabled his location at any time. Michael testified that Moesha would "always surprisingly show[] up at the house," but conceded that the house was a marital home that Moesha had every right to enter. Michael testified that Moesha trapped him in the bathroom for two hours; Moesha testified they had a 30-minute conversation through the bathroom door at his request. Michael testified that Moesha would contact his commanding officers "over and over"; Moesha testified that she called Michael's boss once to ask about a health insurance matter for her daughter. Michael alleged Moesha stalked him to a therapy appointment; Moesha testified she was on base for her own therapy appointment and introduced a letter from the therapist confirming her appointment. Michael testified Moesha stalked him to a restaurant; Moesha testified she frequented this restaurant, went there to

pick up food for herself, and did not know Michael would be there. Michael alleged that Moesha repeatedly contacted him against his wishes; Moesha introduced text messages showing that the communications were mutual.

¶15 When the evidence consists of conflicting testimony, the superior court is in the best position to judge witness credibility and resolve conflicting evidence. *See Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 17 (App. 2012). "Our duty on review does not include re-weighing conflicting evidence . . . . Even though conflicting evidence may exist, we affirm the [superior] court's ruling if substantial evidence supports it." *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). Because we do not re-weigh conflicting evidence, and because the record supports the superior court's ruling, Moesha has not raised a debatable issue. *See Luna*, 2024 WL 2207309, at *3, ¶ 17 ("[A]n issue is not debatable when the record 'clearly' resolves the question raised."). The superior court did not abuse its discretion and we affirm the order of protection.

## II.    Brady Indicator

¶16 Moesha challenges the Brady Indicator, arguing it is improper because the superior court did not make firearms-related inquiries at the contested hearing or find that Moesha posed a credible threat to Michael.

¶17 A Brady Indicator is a federal firearm restriction prohibiting a person subject to a protective order from purchasing or possessing a firearm when the protective order (1) "includes a finding that [the] person represents a credible threat to the physical safety of [an] intimate partner or child," or (2) "by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury." 18 U.S.C. § 922(g)(8)(C)(i)–(ii). These are disjunctive requirements—a credible-threat finding is sufficient to impose a Brady Indicator, but not necessary if the order of protection contains language prohibiting physical force against an intimate partner. *See Flynn v. Flynn*, 257 Ariz. 1, 6, ¶ 13 (App. 2024). Here, the superior court did not make a credible-threat finding, but the order of protection contained language prohibiting the use of physical force against an intimate partner. The requirements of Section 922(g)(8)(C)(ii) have at least been facially met.

¶18 But "while federal laws [generally] control the substantive aspects of federal claims adjudicated in state courts, state rules of procedure . . . apply unless the state rules would affect the substantive federal right." *Shotwell v. Donahoe*, 207 Ariz. 287, 290, ¶ 6 (2004); *cf. Mills v. Rogers*, 457 U.S.

291, 300 (1982) ("[A] State may confer procedural protections of liberty interests that extend beyond those minimally required by the Constitution of the United States.").

**¶19** The Arizona Rules of Protective Order Procedure require a superior court to "ask the plaintiff about the defendant's use of or access to firearms to determine whether the defendant poses a credible threat to the physical safety of the plaintiff or other protected persons." Ariz. R. Prot. Order P. 23(i)(1). Only "[u]pon finding that the defendant is a credible threat to the physical safety of the plaintiff" can the superior court "prohibit the defendant from possessing, purchasing, or receiving firearms." Ariz. R. Prot. Order P. 23(i)(2)(A). Thus, while the order of protection in this case may satisfy the federal statute's requirements, the superior court's failure to make the requisite inquiries or credible-threat finding may run afoul of our state's procedural rules. *Compare Savord*, 235 Ariz. at 260, ¶¶ 22–23 (quashing Brady Indicator for failure to conduct Rule 23(i) inquiry or make credible-threat finding), *with Flynn*, 257 Ariz. at 7, ¶ 19 (superior court's failure to follow Rule 23(i) procedures did not result in reversible error).

**¶20** In light of this conflict, Moesha has raised a debatable issue about whether the superior court conducted a sufficient Rule 23(i) inquiry. By failing to file an answering brief, Michael has confessed reversible error on this issue. Accordingly, we vacate the Brady Indicator. *Tiller*, 98 Ariz. at 157.

## ATTORNEY FEES ON APPEAL

**¶21** Moesha requests attorney fees on appeal under ARCAP 21(a). A party claiming fees must "specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees." ARCAP 21(a)(2). Moesha's brief provides only a bare citation to *Kimicata v. McGee*, 230 Ariz. 6 (App. 2012). *Kimicata* addresses fees for injunctions against harassment under Section 12-1809. 230 Ariz. at 6, ¶ 1. It is not an appropriate authority for awarding fees in this appeal from an order of protection under Section § 13-3602. We decline to award fees because Moesha has failed to state an authority for doing so. *See* ARCAP 21(a)(2); *Vanwormer v. Lopez*, 562 P.3d 420, 423, ¶¶ 14–16 (Ariz. App. 2025).

## CONCLUSION

**¶22** For the foregoing reasons, we affirm the order of protection and vacate the Brady Indicator.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR